## A. KAUFMAN v. PAUL SPRINGER.

1. **JUDGMENT**, *Not Disturbed.* Where a jury, upon conflicting evidence, return a verdict and the court renders judgment thereon, such judgment will not be disturbed in this court.

2. **EVIDENCE**, *Original, Not Hearsay.* K. gave S. a verbal order on H., claiming that he was indebted to him; H., on demand of S. for the amount of the order, told him he was not owing K.: *Held,* That such denial of indebtedness was not hearsay, but original evidence.

*Error from Wabaunsee District Court.*

THE opinion states the case.

*Doolittle & Stringham,* for plaintiff in error.

Opinion by HOLT, C.: Defendant in error brought an action before a justice of the peace in Wabaunsee county, for $9.60, for building chimneys and doing other mason work. The defendant in his set-off averred that he had loaned plaintiff $20, and that the balance thereof, after paying the $9.60, was still due him. Upon appeal a trial was had in the district court by a jury, at the October term, 1886, and a verdict was rendered for plaintiff for $9.60, and judgment given therefor. The defendant brings the case here for review.

The errors complained of are, first, in admitting testimony in favor of the plaintiff; and second, that the judgment is not supported by evidence. There was a conflict of evidence about the $20, plaintiff stating it was a part payment for his

laying down a sidewalk for defendant, and defendant claiming that it was loaned by him to plaintiff. From the testimony introduced, the defendant's version of the testimony is certainly reasonable; but the jury found for the plaintiff. The court sustained the verdict, and rendered a judgment thereon; it is supported by the evidence of plaintiff himself, and corroborated by other witnesses. Under the well-established rule of this court, such a judgment, after receiving the approval of the trial court, will not be disturbed. It is unnecessary to cite authorities.

The other objection arises upon the introduction of testimony. In their settlement for the sidewalk, plaintiff claimed that defendant told him that one Hibbard was indebted to him in the sum of $19.50, for rent, and that Hibbard would pay plaintiff that amount for defendant. The plaintiff testified that when he spoke to Hibbard about the matter, Hibbard told him that he was not legally indebted to Kaufman, and if he took that claim for part payment it would be at his peril, as he did not intend to pay it. Afterward Hibbard himself testified to the same statements, and in his testimony in court said that he did not intend to pay the amount; " it was not justifiable by law."

We perceive no error in the admission of this evidence. The defendant referred the plaintiff to Hibbard for payment of this claim, and certainly the fact that Hibbard refused to pay was competent evidence, even though offered by the plaintiff himself. He heard him refuse the payment of it, and Hibbard himself afterward at the trial testified to the same statement, and added that he adhered to his former determination in the matter.

These are all the exceptions we care to notice, and would recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.