No. 39,314

LOWELL NATHANIEL MOODY, *Appellee*, v. CHARLES A. EDMONDSON,
Warden, Kansas State Penitentiary, *Appellant*.

(269 P. 2d 462)

Opinion
filed April 10, 1954.

*Thomas M. Evans*, assistant attorney general, of Topeka, argued the cause,
and *Harold R. Fatzer*, attorney general, of Topeka, was with him on the brief
for the appellant.

*John E. Blake*, of Kansas City, argued the cause, and *Bill E. Fabian* and
*Robert E. Fabian*, both of Kansas City, were with him on the brief for the
appellee.

The opinion of the court was delivered by

THIELE, J.: Lowell Nathaniel Moody, who was incarcerated
in the state penitentiary under circumstances later mentioned,
filed his petition for a writ of habeas corpus in the district court of
Leavenworth County to secure his release from custody. The re-
spondent warden filed his return to the writ and upon the hearing
on July 13, 1953, the trial court sustained the petition and ordered
and adjudged that the petitioner be discharged. The respondent
appeals to this court.

No dispute of fact is involved. On September 21, 1946, as a result
of complaints duly filed in Butler County, Moody was bound over

for trial in the district court where an information containing two counts was filed on October 10, 1946. The first count charged him with failing to support his wife, who was in destitute and necessitous circumstances. The second charged him with failing to support his children under like circumstances.

On October 18, 1946, a trial was had at which Moody entered a plea of guilty and upon that day the trial court sentenced him to the state penitentiary for a period of not to exceed two years on each count, the sentences to run consecutively. Notwithstanding the express provisions of G. S. 1949, 62-1516, the journal entry of judgment contained no statement of the statute under which he was charged, nor any statement of the statue under which he was sentenced.

On the same day Moody was sentenced, he was "paroled." The "order of parole" fixed no time for which it was effective. The conditions were that Moody appear personally before the court on stated days (being first day of the term) during continuance of the parole and produce proof he had faithfully kept his parole and conducted himself as a peaceful and law-abiding citizen; that he give bond in the sum of blank dollars, and not depart without leave and that when not living with his wife nor furnishing her with support he pay her the sum of $50 per month.

On August 27, 1948, a motion to revoke the parole was filed. On December 11, 1948, the trial court entered an order canceling the the payments ordered on October 18, 1946, and directed Moody to pay $100 per month to the clerk of the court for the support of his wife and children, and overruled the motion to revoke the parole.

On July 7, 1950, a decree of divorce was rendered in which Moody was ordered to pay the clerk of the court $100 per month for the support of his minor children.

On February 23, 1951, a motion to revoke the parole was filed, and on April 4, 1951, it was sustained, but on April 9, 1951, the order revoking the parole was set aside and Moody was again paroled.

On September 5, 1951, the trial court heard another motion to revoke the parole, found that no notice was necessary; that the order of parole had been violated and should be revoked and so ordered and further ordered that the sheriff take Moody into custody and take him to the state penitentiary to serve the sentences as imposed on October 18, 1946.

The lapse of time is not explained in the record disclosed by the

abstracts but on June 9, 1953, Moody was delivered to the state penitentiary. Shortly thereafter the instant proceeding was commenced resulting in the order of discharge of July 13, 1953, above mentioned.

As shown by the journal entry of judgment the Leavenworth County district court found that Moody was sentenced on October 18, 1946, for two periods of two years each to run consecutively and was paroled; that the parole was revoked September 5, 1951, and Moody was committed to the state penitentiary on June 9, 1953; that the order of the Butler county district court of September 5, 1951, was without its jurisdiction; that G. S. 1935, 21-442 to 21-448 are controlling and the court was limited in its jurisdiction for a period of two years' probation and that Moody's restraint was illegal.

Appellant in his brief states that the question involved is whether the provisions of G. S. 1935, 21-442 to 21-448 are exclusively controlling insofar as they relate to parole or probation of persons convicted of desertion and nonsupport, but as argued there is included the proposition that the parole was under G. S. 1935, 62-2203, and that it was properly revoked under the amendment of that statute as it now appears as G. S. 1949, 62-2203. We are of the opinion an answer to those questions renders it unnecessary to discuss any effect of the divorce decree of July 7, 1950, or the correctness of the ruling of September 5, 1951, that notice of Moody of the revocation of his parole was unnecessary.

References have been made above to G. S. 1935, 21-442 to 21-448. Those sections came into our crimes act by the enactment of Laws 1911, ch. 163. Section 1 of that act (G. S. 1935, 21-442) made it an offense for any husband, without just cause, to desert or neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances, or for any parent, in like case, to support and maintain his child under the age of sixteen years, and in the event of conviction to be punished by imprisonment in the reformatory or penitentiary not exceeding two years. Under this section the offense punishable is for felony under G. S. 1935, 62-104. Although in the instant case the journal entry contained no statement to that effect, no question is now raised, and probably could not be upheld if it were, but that the prosecution was under G. S. 1935, 21-442. For present purposes we are concerned only with sections 4 and 5 of the original act which later

appeared as G. S. 1935, 21-445 and 446, and as G. S. 1949, 21-445 and 446. Under these sections, as applied to the facts here, on entry of a plea of guilty, instead of imposing the penalty provided in the first section of the act "or in addition thereto" the trial court, in its discretion, has the power to make an order, subject to change by the court as circumstances may require, directing the defendant to pay a certain sum periodically "for a term not exceeding two years" to the wife or to the custodian of the children, and "shall also have the power to release the defendant from custody on probation for the period so fixed" upon his entering into a recognizance the conditions of which are specified in the statute. It is further provided that if the court be satisfied by information and due proof under oath "that at any time during said period of two years the defendant has violated the terms of such order" it may, *inter alia,* enforce the suspended sentence.

Appellant directs our attention further to G. S. 1935, 62-2203, in effect when Moody pleaded guilty, which provided that when any person shall be convicted of any felony, with exceptions and conditions not pertinent here, the court before whom the conviction was had may parole such person and permit him to go and remain at large. G. S. 1935, 62-2205 which is still in effect provides that when any person shall be paroled under 62-2203 it shall be the duty of the court, at the time of granting the parole, to require a bond the conditions of which are stated. Under G. S. 1935, 62-2209 it is provided, in part, that no person paroled under 62-2205 shall be granted an absolute discharge at an earlier period than two years from the date of his parole "nor shall such parole continue for a longer period than ten years."

In 1949 the above 62-2203 was amended and now appears as G. S. 1949, 62-2203. We note only that it now provides that "the period of parole, together with any extension thereof, shall not exceed five years" and further that the defendant while on parole may be required "to provide for the support of any person or persons for whose support he is legally responsible."

As we understand appellant's argument it is that the trial court in granting parole or probation had a wide discretion in fixing its terms (24 C. J. S. p. 183); that the amendment of 62-2203 merely declared an existing power, and that the trial court's parole to Moody was under the parole provisions of the criminal code (G. S. 1935, ch. 62, art. 22) and not under the provisions of the crimes act (G. S.

1935, 21-442, *et seq.*). In making that argument the appellant directs attention to *In re Estate of Park*, 147 Kan. 142, syl. ¶ 1, 75 P. 2d 842, holding that where one statute deals with a subject in general terms and another deals with it in a more minute way the two should be read together and harmonized if possible, with a view to giving effect to a consistent legislative policy but to the extent of any necessary repugnancy between them the special statute will prevail over the general one, and that the rule has no application where there is no conflict. Appellant says there is no clear and unmistakable directive by the legislature that the trial judge could not parole under G. S. 1935, 62-2203.

In our opinion the appellant's contention cannot be sustained. It has been repeatedly held that where there is a conflict between a statute dealing generally with a subject and another dealing with a certain phase of it, the specific legislation controls. See *Cutrel v. Best*, 169 Kan. 16, 217 P. 2d 270, where it was said:

"It has been held repeatedly that where there is conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific legislation controls (*Harkrader v. Whitman*, 142 Kan. 186, 46 P. 2d 1)ʹ and that where there is repugnancy between a special statute and a general statute, the special statute will prevail (*In re Estate of Park*, 147 Kan. 142, 75 P. 2d 842; *Smith v. Henry*, 155 Kan. 283, 124 P. 2d 448; *Sherman County Comm'rs v. Alden*, 158 Kan. 487, 148 P. 2d 509, 152 A. L. R. 881; *Wyandotte County Comm'rs v. Ferguson*, 159 Kan. 80, 151 P. 2d 694)."

And see also *State v. Reynolds*, 152 Kan. 762, syl. ¶ 3, 107 P. 2d 728; and *State, ex rel., v. Throckmorton*, 169 Kan. 481, syl. ¶ 2, 219 P. 2d 413, to the same effect.

The provisions of G. S. 1935, 21-442 to 21-448, defining the offense of wife and child desertion and providing for probation of the offending husband and father set up a procedure that cannot be reconciled with the general provisions for parole contained in the code of criminal procedure as set forth in G. S. 1935, ch. 62, art. 22. The record before us clearly discloses that appellee Moody was paroled (placed on probation) on October 18, 1946, and that within the period of two years thereafter there was no revocation. The district court of Butler County was without power or authority to revoke that parole or any other attempted parole made after the expiration of two years after October 18, 1946. And it follows that the trial court in Leavenworth county did not err in granting to appellee his discharge from the custody of the respondent.

Judgment affirmed.