No. 41,656

ELDON EHRSAM, *Appellant*, v. CHARLES BORGEN, *Appellee.*

(347 P. 2d 260)

Opinion filed December 12, 1959.

*Harold E. Doherty,* of Topeka, argued the cause, and *James E. Benfer, Jr.,* of Topeka, was with him on the briefs for the appellant.

*Richard A. Barber,* of Lawrence, argued the cause, and *John A. Emerson,* of Lawrence, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Eldon Ehrsam, plaintiff (appellant), brought this action against Charles Borgen, defendant (appellee), to recover damages for personal injuries sustained in a collision while riding in defendant's automobile.

The petition, insofar as is pertinent to the issue involved herein, alleged that defendant was the owner and operator of the automobile in which plaintiff was riding on the day in question; that both

plaintiff and defendant, residents of Lawrence, were employees of the DuPont Construction Company located between Lawrence and Topeka, and that plaintiff was riding as a passenger pursuant to an arrangement with defendant whereby they exchanged rides every other day in going to and from work. Plaintiff then alleged that due to enumerated acts of negligence on the part of defendant his automobile collided with another vehicle and plaintiff sustained serious injuries for which he sought damages.

The defendant, by way of answer, alleged that he was a minor twenty years of age at the time of the accident and if there was any share-the-ride arrangement between him and plaintiff he disaffirmed any and all such arrangement, contract or agreement; that at the time of the collision plaintiff was riding as a guest without payment in defendant's automobile.

The issues were joined and a pre-trial conference was had pursuant to G. S. 1949, 60-2704 and 60-2902, at which time the trial court was requested to determine the legal effect of defendant's disaffirmance of the exchange of ride agreement and the degree of proof required of plaintiff in establishing his right to recover damages.

The learned trial judge found:

"I think it is clear that but for the alleged exchange of ride agreement, plaintiff would have been riding in defendant's automobile as a gratuitous guest at the time of the collision in question. This of course means that if plaintiff is to recover from defendant on proof of ordinary negligence only, as distinguished from the degree of proof required under the Guest Statute (G. S. 1949, 8-122b), he must in effect do so by enforcing defendant's liability on the alleged exchange of ride agreement. Since defendant has disaffirmed whatever exchange of ride or share the ride arrangement or agreement that plaintiff alleges was in effect at the time of the collision, plaintiff is left in the same position relative to defendant's alleged tort as would have been the case had no such arrangement ever been entered into, unless defendant may not under the circumstances be permitted to disaffirm."

The trial court concluded that in view of defendant's disaffirmance plaintiff was bound by the degree of proof required by the guest statute. To support his conclusion, the trial judge in his opinion chiefly relied on *Brown v. Wood,* 293 Mich. 148, 291 N. W. 255, 127 A. L. R. 1436. It is from this order that plaintiff appeals.

*Brown v. Wood,* supra, seems to hold that if the tort with which an infant is charged is so connected with his voidable contract that commission of the tort constitutes a breach of the contract or if the tort is predicated on a transaction with the infant so that to

hold the infant liable in tort would in effect enforce his liability arising out of such contract, then the infant cannot be held liable for his tort, since he cannot be held liable under his contract.

Our statute with reference to contracts of infants (G. S. 1949, 38-102) was passed in 1868. It provides that a minor is bound not only by contracts for necessaries but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority and restores to the other party all money or property received by him by virtue of the contract and remaining within his control at any time after his attaining his majority. It is apparent that under the statute a minor's contract is never void, unless it is void for some other reason than minority. It can never be more than voidable for minority alone, and, even then, it is valid unless disaffirmed within a reasonable time after majority is attained. If the contract is for necessaries, it may not be disaffirmed. (*State v. Weatherwax,* 12 Kan. 358, 359.)

At the time plaintiff and defendant entered into the share-the-ride agreement, defendant was over twenty years of age, he was an employee of the DuPont Construction Company, he was performing a man's job and was apparently supporting himself, and he owned his own automobile. We will take judicial notice of the fact that the distance from Lawrence to Topeka is approximately twenty-five miles and the distance from Lawrence to the DuPont Construction Company, the place of employment of both parties, is approximately twenty miles; that in order for defendant to hold his job and earn a livelihood, he had to get to and from work and, under such conditions, the arrangement made between the parties was necessary insofar as defendant was concerned. As early as the year 1680, in the case of *Barber v. Vincent,* Freeman's King Bench Reports, p. 530, it was held that a horse was a necessity to a minor for carrying out his necessary affairs.

It might be said that earlier in the history of our country, when industry was centralized in cities or industrial communities where housing was adequate and public transportation, by way of the streetcar, the bus or the community train, was available to all, private transportation was not necessary for one getting to and from his work. However, since World War II there has been a tremendous growth in our country's population, and in this highly industrial age, where industry has the tendency to decentralize and move to less populated or rural communities within which there is a shortage of housing and very little, if any, public transportation

available, the worker is, as a result required to commute long distances to and from his place of employment. We are, therefore, of the opinion that private transportation for the worker is now a necessity and an agreement made by a minor for such transportation is binding and not subject to disaffirmance for the reason of minority alone.

Our guest statute, G. S. 1949, 8-122b, provides that no person who is transported by the *owner or operator* of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, unless such injury or damage shall have resulted from the gross and wanton negligence of the *operator* of such vehicle.

There can be no question but what our guest statute was passed in order to cure certain well-known evils that existed prior to its passage, and that it was passed for the purpose of protecting the owner or operator of an automobile. By the same token, the guest statute should not be extended beyond correction of the evils which it may be assumed were the motivating reasons for its enactment, and, certainly, it was never intended to create a greater evil than that which it attempted to correct. It may be noted that the statute applies to any owner or operator of a motor vehicle and makes no exception as to minors. The statute is plain and clearly reveals that if such owner or operator, whether adult or minor, transports his guest without payment, then such owner or operator shall not be liable in damages for injury to the guest, unless the owner or operator is guilty of gross and wanton negligence. However, if such owner or operator accepts payment or benefits from the passenger, then the act has no application (*Sparks v. Getz*, 170 Kan. 287, 225 P. 2d 106), and this is true whether the owner or operator is an adult or a minor.

In order to take a person riding in an automobile out of the guest status, it is not necessary that the compensation for the ride be a strict contractual consideration or that an enforceable contract relation relative to the ride should exist between the parties. Where the trip is not purely social, any substantial benefit to the owner or operator of the automobile is sufficient to take the case out of the statute. (*Sparks v. Getz*, supra.) The legislature, when using the word "guest," did not intend to include persons who are being transported for the mutual benefit of both the passenger and the owner or operator of the car. The person transported is not a guest within

the meaning of the statute if the transportation is for the mutual benefit of both parties, and in determining whether it was for their mutual benefit, the relationship between the parties to which it was an incident may be considered.

The guest statute, which was passed in 1931, is applicable to the specific circumstances to which it relates. We have held that a statute relating to a specific thing takes precedence over a general statute which might be construed to relate to it. (*Dreyer v. Siler,* 180 Kan. 765, 308 P. 2d 127.)

In the instant case, defendant, by the share-the-ride agreement, accepted payment from plaintiff by way of benefits received and plaintiff thereby became a passenger for payment in defendant's vehicle, with the result that the guest statute was no longer available to defendant as a defense. It is clear that in passing the guest statute the state legislature established the policy of protecting the owner or operator of an automobile, whether adult or minor, from liability for damages under certain specified conditions. It is not the purpose of the act to furnish to the owner or operator of an automobile an escape route for his common-law negligence in carrying passengers for payment. In using a trite expression, we may say that our guest statute was passed to serve as a shield, and not as a sword, for the owner or operator of an automobile.

In view of what has been said, the case of *Brown v. Wood,* supra, relied on by the trial court, has no application to the facts in this case and it follows that the judgment of the trial court is reversed.

It is so ordered.