No. 41,960

A. C. FERRELLGAS CORPORATION, INC., a Corporation, *Appellee*, v. THE PHOENIX INSURANCE COMPANY, a Corporation, *Appellant.*

(358 P. 2d 786)

Opinion filed January 21, 1961.

*Joseph R. Hogsett* and *Thad C. McCanse,* both of Kansas City, Missouri, argued the cause, and *John S. May,* of Atchison, was with them on the briefs for appellant.

*Steadman Ball* and *Maurice P. O'Keefe, Sr.,* both of Atchison, argued the cause, and *J. W. Lowry, William E. Stillings, Robert D. Caplinger, Karl W. Root, Dolan McKelvy, Maurice P. O'Keefe, Jr.,* and *Terence D. O'Keefe,* all of Atchison, were with them on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: .The appellee sued the appellant on a policy of insurance alleging that the building which had been insured by the policy had been destroyed by wind and that the defendant refused to pay for the damage as it had agreed to do in the policy. The case was tried to a jury which returned a verdict in plaintiff's favor in the sum of $3,600. The verdict was approved by the trial court and judgment entered. The defendant has appealed therefrom.

It was set up in defendant's answer and contended throughout the trial, that the damage suffered to plaintiff's building had been caused by high water and flood and not by wind. The insurance policy did not cover damage by flood. It was agreed that plaintiff carried $49,000 of other insurance upon the building.

At the outset of the consideration of this appeal, we have a motion to dismiss because of the quite evident failure to follow the rules of this court in the preparation of the abstract in this case, and in particular rule 5, the first sentence of which reads as follows:

"In appealed cases the appellant shall print an abstract of the record which shall reproduce such portions thereof as it is necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose."

The abstract as filed is principally a reproduction of evidence thought to be favorable to defendant and leaves out most of the unfavorable evidence and proceedings which took place at the trial. In the abstract are found several references to the transcript which the court is asked to inspect. Although plaintiff has moved for dismissal, it has also filed a large counter abstract which we must assume gives the court a fair view of the proceedings at the trial when read with the abstract.

Although the rules of this court are made to be followed, under the present situation, we are not disposed to dismiss the appeal. We are inclined to credit the nature of the abstract to unfamiliarity with the Kansas rules of practice on the part of the writer of the abstract of the defendant rather than to any other motive. But it should be noted that the condition of the abstract has increased the labor of this court in trying to understand the facts of the appeal.

In defendant's abstract are found twenty-two separate specifications of error. In defendant's brief, only eight alleged errors are argued. It may be that some of the assigned errors are combined in the eight argued, but it must be noted this court has long been committed to the rule that specified errors not argued in the brief are deemed to have been waived. It is interesting to note that this rule was announced by the court as early as the case of *Bailey v. Dodge*, 28 Kan. 72, syl. ¶ 5, and is to be found in many of the later cases, a few of which may be cited: *Tawney v. Blankenship*, syl. ¶ 1, 150 Kan. 41, 90 P. 2d 1111; *Sams v. Commercial Standard Ins. Co.*, syl. ¶ 1, 157 Kan. 278, 139 P. 2d 859; *Carver v. Farmers & Bankers Broadcasting Corp.*, 162 Kan. 663, p. 665, 179 P. 2d 195;

and *Houston Lumber Co. v. Morris,* 179 Kan. 564, p. 567-568, 297 P. 2d 165.

The only argument found in the brief which relates to the nature of the evidence of the parties in this case is predicated upon the proposition that the trial court should have sustained defendant's demurrer at the close of plaintiff's evidence. This assignment of error is plainly not here for review since the point was not raised before the trial court at the close of all of the evidence by a motion for a directed verdict in defendant's favor (*Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295; *Ogilvie v. Mangels,* 183 Kan. 733, 332 P. 2d 581; *In re Estate of Rogers,* 184 Kan. 24, 334 P. 2d 830; *McCarthy v. Tetyak,* 184 Kan. 126, p. 132, 334 P. 2d 379; *Creten v. Chicago, Rock Island & Pac. Rld. Co.,* 184 Kan. 387, p. 396, 337 P. 2d 1003; *Francis v. City of Wichita,* 184 Kan. 570, 337 P. 2d 678; *Roberts v. Cooter,* 184 Kan. 805, p. 813, 339 P. 2d 362; *Liberty Glass Co. v. Bath,* 187 Kan. 54, p. 57, 353 P. 2d 786.)

Despite what has been said above, and without attempting to detail the evidence, it would seem that there was ample evidence submitted by the plaintiff to show that the trial court did not err in overruling the demurrer to plaintiff's evidence. Many witnesses, including an expert from the University of Kansas, testified concerning the storms during the night of July 10 and 11, 1958, stating that especially near one o'clock in the morning the wind was like a tornado. On the other hand, the evidence of defendant was not particularly convincing in showing that the damage to plaintiff's building could have been caused by flood water. True, water got into the basement and was several inches deep on the first floor. This water apparently came through an open window in the foundation when the water reached several inches deep on the sidewalk and washed the window in. Further, water may well have come in through holes blown in the roof of the building. The chief injury to the building was that the top of the building wall on the street side was moved out toward the street in the center of the wall some six inches to a foot and extending back about eighteen feet on each side. The building was condemned by the city inspector and was torn down by the plaintiff. Professor Andes, a witness for plaintiff, explained how the terrific wind would cause this damage.

Defendant's second point is that the trial court erred in allowing plaintiff's president, Mr. Ferrell, to testify that a contractor from St. Joseph, whose name Ferrell did not know, told Ferrell that it

would cost $20,000 to $25,000 to fix the wall of the building where it was bowed out. Defendant asserts that such testimony was hearsay. Whether such objection was valid or not depends upon whether the testimony was introduced to prove the truth of state-ment by the absent declarer—the contractor. It would appear rather clearly that such was not the purpose, and that the testimony was introduced only to indicate the good faith of Ferrell in ordering the building torn down. Ferrell testified only that he heard the statement—not that it was true. In the case of *Mills v. Riggle*, 83 Kan. 703, 112 Pac. 617, at page 708, it was said:

"It is claimed that the court erred in permitting the plaintiff to testify that at the time he made the loan he had heard that Riggle was financially respon-sible. It is insisted that this was hearsay. If the question had been asked in proof of the fact that Riggle was financially responsible the evidence would have been hearsay; but such was not the purpose of the question, which was to establish the fact that the plaintiff relied upon what he had heard as to the financial responsibility of Riggle. The fact to which the witness testified was original evidence, not hearsay. (*Kaufman v. Springer*, 38 Kan. 730; *Bank v. Hutchinson*, 62 Kan. 9.)"

This well-known rule of evidence was again followed in *Malone v. New York Life Ins. Co.*, 148 Kan. 555, p. 558, 83 P. 2d 639; and see especially the criminal case of *State v. Rhoten*, 174 Kan. 394, pp. 399-400, 257 P. 2d 141, where the authorities in this jurisdiction and in others were collected as to this point.

Defendant has made no attempt in its brief to contend that the evidence objected to did not fall within this exception to the hear-say rule.

The third objection raised in the brief of defendant reads:

"The court erred in denying defendant's challenges of certain jurors."

As to this point, the court has been particularly hindered by the incomplete picture presented by the abstract of defendant, but we are clear from studying the abstract and the counter abstract that every juror who was accepted stated solemnly that he would be guided by the evidence produced in court and knew of no reason why he could not sit as an impartial juror. It would appear that the counsel for defendant even objected to the court's excusing some jurors who had stated that they were biased and could not be impartial. We are convinced that there is no merit in this objection.

Likewise, there is no merit in the fourth objection of defendant to the effect that exhibits and pictures admitted in evidence were of trees and buildings too far distant from plaintiff's building.

The defendant next objects that its expert witness was not allowed to state his opinion as to the cause of the damage to the Tonsing building, which was not in issue. The question was not framed as a hypothetical question. Both parties had been allowed to introduce many pictures and other exhibits as to the destruction in Atchison, but we have not been shown any place in the record in which plaintiff asked its expert witness for an opinion as to the cause of the damage of a building which was not involved in the case. Defendant has failed to show any material error in this objection.

Defendant contends that the order allowing attorneys' fees to the plaintiff constituted error. This argument seems to be based principally upon the following premises: The older section, G. S. 1949, 40-908, relating to attorney fees in cases against insurance companies is contended to have been repealed, by implication, by the passage of the new provision now appearing as G. S. 1959 Supp., 40-256. Then it is argued that the trial court erred in finding that attorneys' fees could be allowed in this case under either statute.

In answering the above argument, the court is content to address itself only to the first premise. In other words, we do not believe that the new section repeals the old.

It must be clear that repeal by implication is not favored (*Stephens v. Ballou,* 27 Kan. 594; *Keirsey v. Comm'rs of Labette Co.,* 30 Kan. 576, p. 579, 2 Pac. 864).

It will be seen that section 40-908 applies to an action on "any policy given to insure any property in this state against loss by fire, tornado, lightning or hail," while section 40-256 covers a "judgment rendered against any insurance company . . ." It is true that the latter section applies only ". . . if it appear from the evidence that such company or exchange has refused *without just cause or excuse to pay the full amount of such loss* . . ."

It is to be noticed that section 40-908 has been the law of this state for many years, having been first enacted in somewhat different form in Ch. 102, Laws of 1893. We do not think that the enactment of section 40-256 can be presumed to have shown a desire upon the part of the legislature to change the established policy of the state. Especially, is this true when both statutes may easily be construed to be operative side by side. If the policy is one insuring property as provided in the old statute, the insurance company must pay attorney fees as provided therein. If the judg-

ment is as to any other type of policy, then the insurance company may govern its liability under the newer statute.

Counsel has directed our attention to the case of *Smart v. Hardware Dealers Mutual Fire Insurance Co.*, 181 F. Supp. 575, in which the learned judge of the United States District Court for the District of Kansas held that section 40-256 repealed by implication the provisions of section 40-908. It is to be noted the judge expressed doubt about his decision. In our view, the cases cited by the court found that not only was the same field covered by the two statutes, but the provisions of the newer act were absolutely *repugnant* to the provisions of the older act. Where that is true, the older act must be held to be repealed. But as explained above, the two acts involved in this case are not actually repugnant to each other but each may be effective. In view of the fact that repeals by implication are never favored, and further because of the rule that a specific statute will be favored over a general statute, *Dreyer v. Siler*, 180 Kan. 765, 308 P. 2d 127; *Ehrsam v. Borgen*, 185 Kan. 776, 347 P. 2d 260, we are constrained to disagree with the learned judge.

There can be no question about the authority of the court to allow attorney fees if, as we have now decided, G. S. 1949, 40-908 is still in effect. The defendant agrees the amount of the fee was reasonable. There can be no question concerning the allowance of interest upon the judgment, and we understand counsel conceded this question was inserted in the defendant's brief by mistake.

The defendant for its seventh objection, argues that the court committed reversible error in denying defendant's motion for a change of venue. Our code of civil procedure provides for a change of venue when a fair and impartial trial cannot be had in the county where a case is pending, G. S. 1949, 60-511. Defendant's contention is that because several hundred citizens of Atchison had claims for damage against insurance companies, it would be impossible to have a fair trial in that county. Even if the number of claims amounted to 1300, as set out in defendant's brief, it would not be "readily apparent" that defendant could not receive a fair trial. As has been heretofore noted *supra* the court was able to secure a jury which under all the usual tests was fair and impartial. The mere fact that the case was tried in the county where the storm

occurred could be taken to mean that all witnesses for both parties would be readily available. The above section of the civil code places the question of whether a fair trial can be had in a locality largely in the discretion of the trial court (*Krehbiel v. Goering*, 179 Kan. 55, 293 P. 2d 255). We have carefully considered the showing made upon the hearing of the application for change of venue as it appears in the defendant's abstract and fail to see any reason to believe that the trial judge abused his discretion in denying the defendant's application.

The last specification of error argued in the brief is certainly stated in an unusual way; the headnote of the brief reads:

"There Is a Clear Abuse of Discretion by the Court Which Runs Rampant Throughout the Stenographer's Transcript of the Testimony, but Which Is of Such Quantity That It Was Physically Impossible to Show in the Abstract of the Record."

Again we direct attention to the Rule 5, of this court as to abstracts, and believe that this court is usually able to get a fairly accurate picture of a trial if counsel has prepared a sufficient and accurate abstract. We have not called for the transcript in this case and do not intend to do so. It has always been the rule of this court that the burden rests upon the appellant to show reversible error in the trial below. The brief cites a few instances of the court's rulings on questions of evidence. The defendant's brief makes no real effort to show that the trial court was in error as to any of them and we decline to go on a fishing expedition for error. We find no merit in this last assignment argued in the brief.

Since a careful consideration of the defendant's contentions has in our opinion failed to disclose error, the judgment of the trial court must be and is affirmed.

It is hereby so ordered.