No. 45,190

STATE OF KANSAS, *Appellee,* v. CHARLES E. SATTERFIELD, *Appellant.*

(449 P. 2d 566)

Opinion filed January 25, 1969.

*William J. Spriggs,* of Wichita, argued the cause, and was on the brief for the appellant.

*James Z. Hernandez,* deputy county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Charles E. Satterfield, has appealed from his conviction of uttering and passing a forged instrument (K. S. A. 21-609) on the ground there was insufficient evidence to sustain the verdict. Specifically, the contention is advanced that there was no substantial evidence from which the jury could infer that the defendant had knowledge the instrument was forged.

The state's case disclosed that on May 29, 1966, the defendant went to Walls I. G. A. store in Wichita and cashed a U. S. Treasury check made payable to Dorman and Bobby Watley of 1931 North Piatt, Wichita, Kansas, in the sum of $135.96. The check was already

endorsed when defendant presented it to a checker at the store. Regiscope pictures of the defendant and of the check were taken at the time for identification purposes. The check was a 1965 income tax refund destined for Dorman and Bobby Watley who formerly lived at 1931 North Piatt. The Watleys had never received the check. They testified the endorsements on the instrument were not theirs, nor had they authorized anyone to endorse the check for them. Further, they were not acquainted with the defendant.

Defendant made an oral statement to Wichita detectives after his arrest in which he admitted he cashed the check but denied he placed the endorsements thereon or had knowledge they were forged. According to defendant, he purchased the check for $50 from a friend named "Larry" who needed money. The endorsements were on the check when he received it from "Larry." He had known "Larry" for about two weeks, having met him through some friends whose names he could not remember. "Larry" had been staying at the North Piatt address, and he told defendant the Watleys were his relatives. At no time was defendant able to give the officers "Larry's" last name. Later the officers checked the residence at 1931 North Piatt and were unable to find anyone there by the name of "Larry." The Watleys also said they were not acquainted with anyone by that name at that address. Defendant told the officers he usually cashed his checks at Johnny Jabara's Market, but two female companions, "Mrs. Rose" and "Betty," accompanied him to Walls I. G. A. when he cashed the check because "these ladies went out there." From this the officers opined the women probably "traded" there. Defendant couldn't remember Betty's last name, nor could he recall where Mrs. Rose lived.

The only defense witness was Rose Bryant, who testified she was defendant's first cousin. She and Mrs. Betty Burns accompanied defendant to Walls I. G. A. and waited in the car while he cashed the check. According to Rose, defendant was a friend of Betty Burns and was well acquainted with Betty's address as well as her own.

One of the essential elements for conviction under K. S. A. 21-609 is that the accused knew the instrument was a forgery at the time he uttered or passed it, and such knowledge may be proved by circumstantial evidence. (*State v. Murphy*, 145 Kan. 242, 65 P. 2d 342.)

Here, there was direct evidence that the endorsements of Dorman and Bobby Watley were made without authority and, in fact, were

forgeries. The defendant, however, was not charged with forging the instrument—only uttering or passing it, knowing it was forged. Defendant's possession of the forged instrument is undisputed. His argument that possession constituted the only evidence from which the jury could infer guilty knowledge does not take into account the evidence relating to the circumstances surrounding the manner in which he acquired the check.

In *State v. Murphy,* supra, the defendant was charged with one count of forgery and one count of uttering, but was convicted only on the uttering count. The conviction was challenged on the basis the evidence did not show the check was forged nor that defendant knew it to be forged. In upholding the conviction, this court stated:

"In the verdict of guilty for uttering inheres the belief of the jury that the check was a forgery, and that appellant knew it to be a forgery. The conviction is based on direct and circumstantial evidence. . . . [C]onceding the jury did not believe appellant signed this check, and conceding further that the question of whether he knew the check was a forgery depended entirely on circumstantial evidence, he is not entitled to a reversal at the hands of this court. The testimony fairly tended to show the guilt of appellant. Now, was there a basis in the evidence for a reasonable inference of guilt? If so, we must affirm the judgment. (*State v. Hunter,* 50 Kan. 302, 32 Pac. 37; *State v. Brizendine,* supra [114 Kan. 699, 220 Pac. 174].) In the Brizendine case it was held:

"' When considering on appeal the sufficiency of circumstantial evidence to sustain conviction of crime, the question before this court is not whether the evidence is incompatible with any reasonable hypothesis except guilt. That was a question for the jury and the trial court, and the function of this court is limited to ascertaining whether there was basis in the evidence for a reasonable inference of guilt.' (Syl. ¶ 1.)

". . . The jury by its verdict, among other things, found he was in possession of a forged check. Such possession, without a reasonable explanation of how he acquired it, warrranted an inference he himself had forged *it* or was a guilty accessory to the forgery. The verdict indicates appellant's explanation of how he acquired the check did not appear reasonable to the mind or conscience of the jury. Under these circumstances the conviction must stand. . . ." (pp. 246-247.)

(Also, see, *State v. Maxwell,* 151 Kan. 951, 102 P. 2d 109, 128 A. L. R. 1315; 36 Am. Jur. 2d, Forgery § 44.)

This court does not weigh evidence and is not concerned with inferences therefrom opposed to the verdict. Our consideration is confined to whether there was a basis for a reasonable inference of guilt. Before a verdict of guilty which has been approved by the trial court may be set aside because of insufficiency of evidence

it must clearly be made to appear that upon no hypothesis whatever is there substantial evidence to support the conclusion reached in the lower court. (*State v. Patterson,* 200 Kan. 176, 434 P. 2d 808; *State v. Scoggins,* 199 Kan. 108, 427 P. 2d 603; *State v. Crosby,* 182 Kan. 677, 324 P. 2d 197; *State v. Hancock,* 127 Kan. 510, 274 Pac. 209.)

The jury, as the exclusive judge of all material questions of fact, was entitled to draw reasonable inferences from the evidence. (*State v. Childs,* 198 Kan. 4, 422 P. 2d 898; *State v. Greenwood,* 197 Kan. 676, 421 P. 2d 24.) Without repeating the evidence already narrrated touching upon defendant's explanation to the police officers of how he acquired the check, we are of the opinion the jury was justified in inferring defendant had knowledge the check was forged. What has been said also disposes of defendant's contention the trial court erred in overruling his motion for new trial.

The judgment is affirmed.