No. 46,825

STATE OF KANSAS, *Appellee*, v. JUNIOR D. KLIEWER d/b/a K & S MOTOR CO., *Appellant*.

(504 P. 2d 580)

Opinion filed December 9, 1972.

*Ray Hodge,* of Beaty, Hodge and Wood, of Wichita, argued the cause, and was on the brief for the appellant.

*David P. Calvert,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a conviction on two misdemeanor counts: (1) Turning back the odometer used for registering the mileage on a motor vehicle countrary to K. S. A. 1971 Supp. 8-611 (*b*), and (2) Committing a deceptive commercial practice contrary to K. S. A. 1971 Supp. 21-4403. The appellant was sentenced to be confined in the Sedgwick County jail for a term not to exceed six months and to pay a fine of $1,000 on each count, the sentences to run concurrently.

On appeal the appellant challenges the sufficiency of the evidence, the admission of exhibits and the legal propriety of charging him with the foregoing two counts because the second is duplicitous of the first.

On the 7th day of August, 1971, Junior D. Kliewer (defendant-appellant) hired and paid Sheila Van Orman to reset and turn back the odometer on a green 1969 Ford automobile. Mrs. Van Orman gave a receipt to Kliewer for the money paid and kept a copy. Her copy of the receipt was admitted into evidence. It indicated the date of August 7, 1971, disclosing the work was performed on a

1969 "Ford Galaxie 500" for K. & S. Motors, and that $6 was paid for the service. Mrs. Van Orman performed the aforementioned services on the property of K. & S. Motor Company, a company owned by Kliewer. On the 17th day of August, 1971, Kliewer sold the automobile to Mr. Gilbert Schrag. On December 16, 1971, a three count complaint was filed against Kliewer charging him with violations of: (1) K. S. A. 1971 Supp. 8-611 (b); (2) K. S. A. 1971 Supp. 8-611 (a); and (3) K. S. A. 1971 Supp. 21-4403.

The matter was tried to the court, upon waiver of a jury. At the trial Kliewer's motion requiring the state to elect between count two and count three was sustained, and the state dismissed count two.

The trial court heard testimony from four state's witnesses; Sheila Van Orman, the person who worked on the odometer of the 1969 Ford in question, R. K. Scholle, the original owner of the car, Gilbert Schrag, who purchased the car from Kliewer, and John Dickey, an investigator for the Sedgwick County Attorney's office. Over the appellant's objection the trial court admitted two state's exhibits into evidence: Exhibit No. 2—the application for certificate of title by R. K. Scholle giving the identification number and the description of the vehicle here in question; and Exhibit No. 3—the application for certificate of title by Gilbert and/or Vida Schrag describing the vehicle in question by identification number and description. This application disclosed the vehicle was acquired by the Schrags from "K. S. Motor Co.", 1620 North Broadway, Wichita, Kansas; and that it was accepted by the McPherson County Treasurer on the 19th day of August, 1971.

Assuming state's exhibits 2 and 3 were properly admitted by the trial court, the evidence identifies a 1969 Ford Galaxie 500 automobile, green in color, by identification number, and shows a complete chain of possession from the original purchaser, R. K. Scholle, through Kliewer to the Schrags. Scholle testified he purchased the vehicle new, was engaged in the business of a mail carrier, and when he sold the vehicle it registered over 99,000 miles on the odometer. Mrs. Van Orman testified she turned the odometer back on the vehicle in question for which she gave a receipt to Kliewer evidencing payment of $6 to her for the services. Gilbert Schrag testified concerning his knowledge of the vehicle, its purchase, and acknowledged his signature on state's exhibit No. 3, a copy of his application for title. John Dickey described the 1969 Ford in detail, having investigated it on the date of trial. He gave its

identification number and testified the odometer reading was 56,-920.2 miles on the date of trial.

On the 25th day of February, 1972, the trial court found Kliewer guilty as charged on count one and on count three. Kliewer's motion for a new trial was subsequently overruled and he has duly perfected an appeal to this Court.

Count one of the information charges the appellant with unlawfully, willfully, disconnecting, turning back, and resetting the odometer on a 1969 Ford Galaxie 500 in violation of K. S. A. 1971 Supp. 8-611 (*b*). He was, therefore, charged as the principal in turning back the odometer. The evidence showed that he hired and procured Shiela Van Orman to actually perform the work. This is in accordance with K. S. A. 1971 Supp. 21-3205 which states in part:

"(1) A person is criminally responsible for a crime committed by another if he intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime.

"(3) A person liable under this section may be charged with and convicted of the crime although the person alleged to have directly committed the act constituting the crime lacked criminal capacity or has not been convicted. . . ."

The language of the statute clearly conveys the legislative intent enabling accessories, abettors, etc., to be charged and convicted of the crime as principals. In this case the appellant hired Mrs. Van Orman. The court's attention was first directed to 21-3205, *supra*, in *State v. Edwards*, 209 Kan. 681, 683, 498 P. 2d 48, where it was discussed and applied. Under 21-3205, *supra*, it is unnecessary that the appellant be advised of its provisions before they are applied and given effect. The prior Kansas Statutory Law and the decisions construing it on the point asserted by the appellant—that he was charged as a principal, whereas the evidence at the trial only tended to incriminate him as an accessory—is consistent with the new code provision. The prior law was last reviewed by this Court in *State v. Ogden*, 210 Kan. 510, 502 P. 2d 654.

Under 21-3205, *supra*, one who intentionally aids, abets, advises, hires, counsels or procures another to commit an offense may be charged, tried and convicted as though he were a principal.

The Judicial Council note to 21-3205, *supra*, states the rule was intended to supersede former K. S. A. 21-105, which related to principals in the second degree and accessories before the fact. This

section does not use the term "principal" but states the rule in terms of criminal liability. It makes no change in the substance of the prior law.

The appellant argues he came to trial to defend the charge that *he* turned back the odometer. He contends "other" was not mentioned in the information as required by K. S. A. 1971 Supp. 21-3110 (2), so that he could be tried as an accessory. The statute cited by the appellant is a general definition section of the New Criminal Code. Sub-paragraph (2) defines "another" to mean "a person or persons as defined in this code other than the person whose act is claimed to be criminal." This definition has no application to 21-3205, *supra,* which does not contain any requirement that the person criminally liable be charged as an accessory.

The appellant contends that the trial court erred in admitting state's exhibits No. 2 and No. 3 in evidence over his objection. First he asserts the exhibits were copies of applications for title and were not the originals. Second, he contends the exhibits were not under seal as required by K. S. A. 60-465; that he was never given copies of the exhibits before trial; and the state had listed as a state's witness on the information an officer of the Motor Vehicle Department of the State of Kansas, but failed to call him as a witness.

Under K. S. A. 60-460 (*o*) a writing purporting to be a copy of an official record, or of an entry therein, is admissible to prove the content of the record as an exception to the hearsay rule, if it meets the requirements of authentication under K. S. A. 60-465. The rule is subject to K. S. A. 60-461. Under 60-465, *supra,* a writing purporting to be a copy of an official record, or an entry therein, meets the requirements of authentication if the judge finds that the writing purports to be published by authority of the nation, state or subdivision thereof, in which the record is kept; or evidence has been introduced sufficient to warrant a finding that the writing is a correct copy of the record or entry.

The record discloses Mr. Scholle, who originally purchased the Ford automobile in question new, identified exhibit No. 2 as bearing his signature. He described it as the title to the car that he traded in. He testified exhibit No. 2 was a fair copy and an accurate reproduction of it.

Gilbert Schrag identified exhibit No. 3 as bearing a copy of his signature. He described the exhibit as a copy of the title transfer which he signed sometime in August, 1971. He also described it

as pertaining to the car that he purchased from Mr. Kliewer. He testified exhibit No. 3 was an accurate copy of what he signed.

The trial court, after hearing the foregoing testimony and the argument of counsel, admitted the exhibits in evidence as exceptions to the hearsay rule. Based upon the foregoing testimony and the statutory sections cited, the trial court did not err in admitting exhibits No. 2 and No. 3 in evidence over the appellant's objections for the reasons stated in such objections.

Since evidence was offered from which the trial court could find that the exhibits were correct copies of the originals, the exhibits were not required to be under seal.

Under K. S. A. 60-461 any writing admissible under exceptions (o), (p), and (q) of section 60-460, *supra*, shall be received only if the party offering such writing has delivered a copy of it or so much thereof as may relate to the controversy, to each adverse party a reasonable time before trial, unless the judge finds that such adverse party has not been unfairly surprised by the failure to deliver such copy.

Assuming, without deciding, that it was error for the trial court to admit exhibits No. 2 and No. 3 by reason of the failure of the state to deliver copies of such exhibits to the appellant's attorney a reasonable time before trial, the appellant interposed no objection to the exhibits on this ground at the trial.

K. S. A. 60-404 states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objections to the evidence timely interposed and so stated as to make clear the specific ground of objection."

Under the foregoing statute the judgment or decision of the trial court based upon findings attributable to exhibits No. 2 and 3 cannot be reversed. (See, *State v. Jolly*, 196 Kan. 56, 410 P. 2d 267.)

A careful review of the record indicates there was sufficient evidence upon which the trial court could find the appellant guilty on each of the counts for which he stood trial. This court does not weigh evidence and is not concerned with inferences therefrom opposed to the findings. In a criminal action the function of this court on appeal is not to decide whether guilt was shown by the evidence beyond a reasonable doubt, but to ascertain whether there was, in the evidence, a basis for a reasonable inference of guilt.

(*State v. Phippen*, 207 Kan. 224, 231, 485 P. 2d 336; *State v. Satter-field*, 202 Kan. 395, 397, 449 P. 2d 566, and cases cited therein.)

The appellant contends the intent of the legislature was to exclude automobiles from the operation of K. S. A. 1971 Supp. 21-4403 because the subject of automobiles was specifically dealt with in K. S. A. 1971 Supp. 8-611. It is argued the specific statute takes precedence over the general and the state elected to stand on the general when it dismissed count two of the information.

This point has merit.

Article 44 of our new Kansas Criminal Code (effective July 1, 1970) pertains to "CRIMES AGAINST BUSINESS". In the code 21-4403, *supra*, defines a deceptive commercial practice as:

"(1) A deceptive commercial practice is the act, use or employment by any person of any deception, fraud, false pretense, false promise, or knowing mis-representation of a material fact, with the intent that others shall rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby."

Under Chapter 8, "AUTOMOBILES AND OTHER MOTOR VEHICLES" Article 6 pertains to "FAIR TRADE". In K. S. A. 1971 Supp. 8-611 (effective July 1, 1969) the legislature addressed attention to un-lawful acts pertaining to odometers, tachometers and other devices registering mileage on vehicles. This statute provides in part:

"(b) It shall be unlawful for any person to disconnect, turn back, reset or replace the odometer, tachometer or any other device used for registering the mileage or use of motor vehicles with the intent to reduce the number of miles or use thereof indicated on such gauge or device. . . ."

Without engaging in extended discussion, it appears to us the legislature was addressing its attention to virtually the same sub-ject matter in each of these statutes. One is "FAIR TRADE" the other "CRIMES AGAINST BUSINESS", and more particularly a deceptive commercial practice. The one (8-611, *supra*) is specific and the other (21-4403, *supra*) is general in its application, embracing a far greater range of activity pertaining to deception, fraud and misrepresentation of material fact.

These statutes are not repugnant to each other and may be reconciled. Harmony is made possible by the fact that 8-611, *supra*, deals specifically with the deceptive practice for which the appellant is charged, and 21-4403, *supra*, deals generally with the same deceptive practice. Under these circumstances, where there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the

specific statute will be favored over the general statute and controls. (*State v. Christensen*, 166 Kan. 152, 157, 199 P. 2d 475; *Moody v. Edmondson*, 176 Kan. 116, 120, 269 P. 2d 462; *Ferrellgas Corporation v. Phoenix Ins. Co.*, 187 Kan. 530, 535, 358 P. 2d 786; and *Barten v. Turkey Creek Watershed Joint District No. 32*, 200 Kan. 489, 506, 438 P. 2d 732.)

In *Ferrellgas Corporation v. Phoenix Ins. Co.*, supra, the court said:

". . . In our view, the cases cited by the court found that not only was the same field covered by the two statutes, but the provisions of the newer act were absolutely *repugnant* to the provisions of the older act. Where that is true, the older act must be held to be repealed. But as explained above, the two acts involved in this case are not actually repugnant to each other but each may be effective. In view of the fact that repeals by implication are never favored, and further because of the rule that a specific statute will be favored over a general statute, *Dreyer v. Siler*, 180 Kan. 765, 308 P. 2d 127; *Ehrsam v. Borgen*, 185 Kan. 776, 347 P. 2d 260, we are constrained to disagree with the learned judge." (p. 535.)

On the facts in this case the appellant was charged and convicted on two counts for the same wrongdoing which constituted but one offense. Accordingly, the conviction and sentence on count three, charging the appellant with the violation of K. S. A. 21-4403, must be vacated and set aside.

The judgment and sentence of the lower court is affirmed on count one and is reversed on count three.

KAUL, J., dissenting in part: I cannot agree with the majority's holding that defendant's conviction on count three must be vacated and set aside.

In count one defendant was charged with turning back and resetting the odometer register of an automobile speedometer in violation of K. S. A. 1971 Supp. 8-611. After this offense was completed, defendant then proceeded to employ deception and fraud in knowingly misrepresenting to actual and potential purchasers the mileage registered by the odometer as being actual mileage in violation of the deceptive commercial practices proscribed by K. S. A. 1971 Supp. 21-4403. The two offenses and the elements thereof are separate and distinct and do not stem from the same single act of wrongdoing. It so happens that in this case the same person was convicted of violations of both acts, but there was substantial evidence to sustain the conviction in each instance. I would affirm the judgment *in toto*.