(808 P.2d 1387)

No. 65,262

STATE OF KANSAS, *Appellee,* v. ARNOLD W. GRIMSLEY, *Appellant.*

Opinion filed April 5, 1991.

*Jessica R. Kunen,* chief appellate defender, for the appellant.

*Alisa M. Arst,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., LARSON and RULON, JJ.

BRISCOE, C.J.: Defendant Arnold Grimsley appeals the sentences imposed following his guilty pleas to two charges of indecent liberties with a child (K.S.A. 1990 Supp. 21-3503[c]) and one charge of giving a worthless check (K.S.A. 1990 Supp. 21-3707). Grimsley also appeals denial of his motion for sentence modification.

On June 2, 1983, Grimsley pled guilty to one count of giving a worthless check in the amount of $437.10 in case No. 82CR1794, a class E felony. On July 6, 1983, the trial court suspended imposition of sentence for a period of three years subject to certain conditions. Grimsley was ordered to pay costs and fees incurred and to pay restitution in the amount of $437.10. In June 1986, Grimsley agreed to an extension of his probation for three years (from July 6, 1986, to July 6, 1989) so he could pay sheriff's fees. On July 3, 1989, the court again extended probation for one year to allow additional time for payment of the fees.

On July 11, 1989, Grimsley was charged with indecent liberties with a child in case No. 89CR1318 for an act committed between

February 19, 1989, and February 20, 1989. On August 11, 1989, Grimsley was again charged with indecent liberties with a child in case No. 89CR1599 for acts committed between July 1, 1986, and September 30, 1988. Grimsley pled guilty to both charges on October 6, 1989.

On November 22, 1989, the trial court revoked suspension of sentence in case No. 82CR1794 and the three cases were consolidated for sentencing. Grimsley was sentenced to concurrent terms of one to five years in case No. 82CR1794, four to fifteen years in case No. 89CR1318, and four to fifteen years in case No. 89CR1599.

Grimsley's first issue has been resolved by the trial court's filing of a journal entry nunc pro tunc on January 2, 1991. This journal entry accurately reflects the sentences initially imposed by the court from the bench. Grimsley's sentences are to run concurrently, not consecutively.

As his second issue, Grimsley contends the trial court was without jurisdiction to either revoke his probation in case No. 82CR1794 or impose sentence because his probationary term had already expired. He argues the maximum probationary period which could be imposed in this case was five years. This period had expired prior to the court's last extension of his probation and also prior to revocation of his probation. The State argues Grimsley agreed to extend the probationary term and cannot now be heard to complain because it was to his benefit to extend the period and the extension was not unreasonable. We note the benefit to Grimsley was great. His options were either to agree to the extended probationary period or face imprisonment for violation of conditions of his probation.

There is some confusion in the record as to whether the court initially placed Grimsley on probation or imposed a suspended sentence. The original journal entry ordered suspension of sentence for a period of three years. Subsequent court documents referred to Grimsley's status as a probationer. "Suspension of sentence" is a procedure whereby a defendant is released without imposition of sentence. K.S.A. 21-4602(2). "Probation" refers to the release of a defendant after imposition of sentence without imprisonment. K.S.A. 21-4602(3). See *State v. Ashley*, 236 Kan. 551, 552, 693 P.2d 1168 (1985). To address the issue raised in

this appeal, the distinction becomes irrelevant. For convenience, we will describe Grimsley as a probationer.

Whether the trial court had jurisdiction to revoke Grimsley's probation is resolved by K.S.A. 21-4611 and K.S.A. 22-3716. K.S.A. 21-4611 provides in pertinent part:

"(1) The period of suspension of sentence, probation or assignment to community corrections fixed by the court shall not exceed five years in felony cases or two years in misdemeanor cases, subject to renewal and extension for additional fixed periods not exceeding five years in felony cases, nor two years in misdemeanor cases. *In no event shall the total period of probation, suspension of sentence or assignment to community corrections for a felony exceed the greatest maximum term provided by law for the crime.*" (Emphasis added.)

K.S.A. 22-3716(1) provides in part:

"*At any time during probation, assignment to a community correctional services program or suspension of sentence,* the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment or a notice to appear to answer to a charge of violation." (Emphasis added.)

Grimsley argues these statutes mean what they say—that it is only *during* the probationary period that a court may revoke probation and the total period of probation *cannot* exceed the greatest maximum term provided by law for the crime committed. He correctly notes that, when the crime of giving a worthless check was committed in 1982, the maximum term provided by law was five years. K.S.A. 21-4501(e). Grimsley concludes, as a matter of law, the term of his probation expired July 6, 1988, and extension of probation beyond that date was illegal. Grimsley argues an extension beyond that date did not provide the court with jurisdiction to either revoke probation or impose sentence.

In *Moody v. Edmondson*, 176 Kan. 116, 269 P.2d 462 (1954), Moody pled guilty in 1946 to two counts of failure to support. He was sentenced to two consecutive terms of two years' imprisonment and was immediately "paroled." The parole provision of the statute under which Moody was charged allowed the court to parole a defendant, directing the defendant to pay a certain sum periodically "for a term not exceeding two years." 176 Kan. at 119. The general parole statute in effect at that time provided the court with jurisdiction over a parolee for a period of ten

years, which conflicted with the specific parole provision included in the nonsupport statute. Moody's parole was revoked in 1951. Moody's petition for a writ of habeas corpus was sustained. The Supreme Court concluded the more specific nonsupport statute should control when addressing the court's jurisdiction to revoke Moody's parole. The court held the trial court was without jurisdiction to revoke Moody's parole beyond the two-year period following his plea and affirmed Moody's release. Thus, *Moody* stands for the proposition that a court has no jurisdiction to revoke probation when the probationary period terminates prior to issuance of an arrest warrant or filing of a complaint seeking revocation of probation.

Grimsley's agreement to extend probation beyond the maximum term provided by law has no legal effect. An illegal sentence is defined as one imposed by the court without jurisdiction or one which does not conform to the statutes. *State v. Thomas*, 239 Kan. 457, 460, 720 P.2d 1059 (1986). A court may correct an illegal sentence at any time. K.S.A. 22-3504(1). Pursuant to 22-3716(1), revocation must occur during the probationary term. This is a jurisdictional requirement which cannot be waived by estoppel or agreement of the parties.

In *State v. Christensen*, 166 Kan. 152, 199 P.2d 475 (1948), counsel for the defendant and for the State agreed the question of penalty in a first-degree murder case would not be submitted to the jury for decision, although the statute then in effect required determination of penalty by the jury if there was a jury trial (G.S. 1935 21-403 [1947 Supp.]). The Supreme Court reversed and remanded for new trial after concluding the trial court had erred in following counsels' agreement in derogation of the statute. The court recognized there are many constitutional rights which a criminal defendant may waive, but even with agreement by the State, defendant may not define the jurisdiction of the court or determine the law.

"The power of public officers and the jurisdiction of courts are to be found in the statutes and may not be conferred by stipulation or otherwise [citations omitted]. Parties to litigation cannot validly stipulate as to what the law is, how a statute is to be construed, or what its effect is [citations omitted], at least as to matters of public concern [citations omitted]. 'The proper administration of the criminal law cannot be left merely to the stipulation

of the parties.' [Citation omitted.] Even in *civil* actions it is held that the parties may not stipulate for a determination in a manner contrary to the statutes. [Citation omitted.]" 166 Kan. at 157.

Several recent decisions in civil cases have reaffirmed the basic premise that the parties may not by stipulation invest the court with jurisdiction over the subject matter of a cause which it would otherwise not have. See, *e.g., In re Petition of City of Shawnee for Annexation of Land,* 236 Kan. 1, 16, 687 P.2d 603 (1984); *State ex rel. Secretary of SRS v. Stephens,* 13 Kan. App. 2d 715, 717, 782 P.2d 68 (1989).

Grimsley could not agree to an illegal sentence. He could not by agreement create jurisdiction for the court to act beyond the period set forth in the statutes. His agreement to extend his probationary term beyond the maximum period allowed by law is a nullity. To say as the State does in this case that the court had jurisdiction to act because the defendant voluntarily submitted himself to the court's jurisdiction confuses subject matter jurisdiction with in personam jurisdiction. The substantive jurisdiction of the court, its power to adjudicate, cannot be created by waiver or consent; on the other hand, want of jurisdiction of the person or thing may be waived. *In re Martinez,* 241 F.2d 345, 348 (10th Cir. 1957).

As his third and final issue, Grimsley contends the trial court abused its discretion in imposing terms of incarceration in excess of the minimum without specifically addressing the sentencing factors enumerated in K.S.A. 21-4606. Grimsley also argues the trial court abused its discretion in refusing to modify the sentences imposed after receiving the State Reception and Diagnostic Center (SRDC) report.

A sentence within the limits prescribed by law will not be disturbed on appeal absent a showing of an abuse of discretion, unless it is the result of partiality or prejudice. *State v. Gibson,* 246 Kan. 298, 304, 787 P.2d 1176 (1990). An abuse of discretion is shown only where no reasonable person would take the view adopted by the court. *State v. Griffin,* 246 Kan. 320, 326, 787 P.2d 701 (1990). The sentences imposed are within the statutory limits and Grimsley does not contend they were the result of partiality or prejudice. Rather, he contends the trial court erred

in not considering the factors enumerated in 21-4606 in fixing his minimum term of imprisonment.

The Supreme Court has consistently stated it is the "better practice" for sentencing judges to give a detailed statement of the factors listed in 21-4606 when imposing sentences that exceed the minimum. However, failure to do so does not necessarily constitute an abuse of discretion as each case must be considered on its own facts. *State v. McGlothlin*, 242 Kan. 437, 438, 747 P.2d 1335 (1988). A sentencing court does not abuse its discretion when it does not specifically mention the statute but incorporates a presentence investigation (PSI) report which has addressed each of the seven enumerated factors. See *State v. Webb*, 242 Kan. 519, 531, 748 P.2d 875 (1988).

In sentencing Grimsley, the court did not refer to the PSI report or the sentencing factors listed in 21-4606. However, in its journal entries imposing sentence, the court did state it had been advised of the PSI report. Grimsley argues this is insufficient to show the court considered the statutory factors in 21-4606.

Grimsley has three prior felony convictions. In cases No. 89CR1318 and No. 89CR1599, Grimsley admitted molesting young boys. One young boy was molested almost daily for over two years. Undoubtedly, Grimsley's criminal acts have caused extensive emotional and psychological harm to the victims. There is no indication that anyone induced or facilitated Grimsley's acts and there was no provocation for these acts. Grimsley presented no grounds tending to excuse or justify his criminal conduct and no amount of restitution could compensate the victims for the injuries sustained. Although the court did not specifically mention 21-4606, it had before it the PSI report and had heard the facts developed at the plea hearing and the arguments of counsel. From all of these sources, the court obtained information relevant to the 21-4606 factors. No abuse of discretion has been shown.

In denying Grimsley's motion to modify sentence, the trial court, "after reviewing the file, the defendant's past criminal history, defendant's SRDC Report, the facts of this case and being duly advised in the premises finds that defendant's Motion To Modify shall be overruled." Grimsley argues it was an abuse of discretion not to modify his sentence to a minimum term because

a minimum term is compatible with public safety, his individual needs, and the severity of his crime.

K.S.A. 1990 Supp. 21-4603(4)(a) provides the trial court with discretionary authority to modify a sentence within 120 days of its imposition. To establish error, the defendant must show the trial court abused its discretion in refusing to modify the sentence. Again, an abuse of discretion is shown only where no reasonable person would take the view adopted by the court. *Griffin*, 246 Kan. at 326.

Here, Grimsley pled guilty to two counts of indecent liberties with a child in exchange for the State's promise not to bring charges of indecent liberties involving six other young boys. Neither the PSI report nor the SRDC report were favorable to Grimsley and both reports recommended incarceration for the crimes. The trial court did not abuse its discretion in denying sentence modification.

Grimsley's sentence imposed in case No. 82CR1794 is vacated; his sentences imposed in cases No. 89CR1318 and No. 89CR1599 are affirmed.