(887 P.2d 1165)
No. 71,349

STATE OF KANSAS, *Appellee*, v. NORMAN S. SHAFFER, *Appellant.*

Opinion filed January 6, 1995.

*Robb Edmonds*, of Cornwell & Edmonds, of Overland Park, for the appellant.

*Frank E. Kohl*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., LARSON, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

LEWIS, J.: The defendant was charged with eight counts of theft. Theft is a class E felony and, upon conviction of theft, a defendant is subject to a minimum sentence of one year and a

maximum sentence of two to five years. Defendant pled guilty to each of the eight counts of theft and was sentenced to eight concurrent terms of one to five years on each count. Defendant was placed on five years' probation and ordered to make restitution to the City of Leavenworth in the amount of $152,681.50.

In 1990, the terms of probation were modified, and defendant was ordered to make payments of $250 per month on the restitution ordered. In November 1993, the State filed a motion to revoke defendant's probation. At that time, defendant still owed restitution of $137,700. The trial court did not revoke defendant's probation but, on December 10, 1993, extended the term of probation for an additional five years. Defendant appeals from the order extending the term of his probation.

Defendant was originally placed on five years' probation on December 12, 1988. Prior to the expiration of the original five-year term, the period of probation was extended for an additional five years. The question on appeal is whether the trial court had the authority to extend the length of defendant's probation.

At the time defendant's probation was extended, he still owed substantial restitution, and probation was extended to ensure that restitution would continue to be paid.

This is a case of first impression in Kansas and requires that we interpret the applicable provisions of K.S.A. 21-4611. That statute was amended in 1992 and 1993, but those amendments do not apply, and we interpret the statute as it read prior to that time.

The version of the statute pertinent to this appeal reads in part as follows:

"(1) The period of suspension of sentence, probation or assignment to community corrections fixed by the court shall not exceed five years in felony cases or two years in misdemeanor cases, subject to renewal and extension for additional fixed periods not exceeding five years in felony cases, nor two years in misdemeanor cases. *In no event shall the total period of probation, suspension of sentence or assignment to community corrections for a felony exceed the greatest maximum term provided by law for the crime . . . ."* (Emphasis added.)

The trial court, in extending defendant's probation, said:

"[K.S.A. 21-]4611 provides probation can be extended, if necessary, for the greatest amount, term provided by law, and the greatest maximum term provided

by law in this case would have been eight to forty, and I am going to extend Mr. Shaffer's probation for another five years under the same terms and conditions, so we can get more restitution paid."

It is obvious that defendant's probation was extended to ensure that he would either pay back the money he owed to the City of Leavenworth or serve his prison term if he failed to do so. This, in our judgment, is an appropriate reason to extend probation. We must, however, determine if the trial court had the authority to extend defendant's probation.

The decision is one of statutory interpretation and is a question of law. See *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). As a result, we are not bound by the decision of the trial court. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986). It is a familiar requirement that "[w]hen a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

As might be expected, the parties to this appeal hold radically different views as to what the statute provides. Defendant argues that the statute limits the term of probation to the maximum sentence actually imposed by the trial court. In this case, the maximum sentence imposed was five years, and under defendant's interpretation, the overall period of probation could not exceed the maximum sentence imposed, or five years.

The State argues that the sentence imposed by the court is irrelevant to the overall question of how long probation may continue. It posits that probation may be extended to the maximum statutory term provided for the crimes charged. In this case, the maximum term for which defendant could have been sentenced for his eight convictions would have been eight consecutive terms of one to five years each, for a total effective sentence of 8 to 40 years. Thus, the total period of probation could extend to 40 years, and the extension imposed by the trial court is valid.

We agree with the State. The statute provides that the total period of probation for a felony shall not "exceed *the greatest maximum term provided by law for the crime.*" (Emphasis added.)

There is no suggestion that the term to which a defendant is *sentenced* has any relevance whatsoever to the maximum period of probation. If the legislature had intended to limit the overall term of probation to the "maximum term for which defendant was sentenced," it could have easily so stated. Defendant's argument is without merit.

The statute seems to us to be plain and unambiguous. It describes the limitation of the total period of probation as the "maximum term provided by law for the crime." It is the legislature which sets the "maximum term" for the crime by fixing the statutory sentencing range. The greatest maximum term provided by law for the crime is determined by examining the statute and finding the maximum sentence which may be imposed upon conviction of that particular crime. We hold that the "greatest maximum term provided by law for the crime" means the maximum term to which a defendant can be sentenced upon conviction for a particular crime or series of crimes. In this case, the maximum term for which defendant could be sentenced for the crime of theft was two to five years. Thus, the greatest maximum term for theft is five years. The term to which defendant was actually sentenced is basically irrelevant to the determination of the maximum period probation may be extended.

This is a case in which defendant was charged with multiple counts of theft. It is also a case in which defendant pled guilty to eight counts of theft and was sentenced on eight counts of theft. While we have identified the "greatest maximum term provided by law," we have not resolved all of the issues on this appeal. In this case, each separate conviction for the crime of theft carried with it a maximum term of five years. What was the maximum term of probation? Was it the maximum term for one count of theft, or is it permissible to aggregate all eight counts and conclude that the maximum term is 40 years?

Defendant argues that the statute applies to the information as a whole. The crime charged was theft, and the maximum term for theft was five years. Defendant argues that five years is, therefore, the greatest overall period of probation which could be imposed.

The State argues that the "greatest maximum term" can only be determined by aggregating each count in the information. There were eight counts; each count carried a maximum term of five years, and, in the aggregate, the greatest maximum term was 40 years.

Each party has cited our decision in *State v. Grimsley*, 15 Kan. App. 2d 441, 808 P.2d 1387 (1991), to support its position. We conclude that *Grimsley* is not applicable. That case did not involve multiple counts. The defendant in *Grimsley* was convicted of one charge, which carried a maximum sentence of five years. The defendant also received a sentence of five years. In *Grimsley*, the maximum sentence imposed and the greatest maximum term provided by law were identical—five years. We held that under those facts, the period of probation could not exceed five years. *Grimsley* does not assist us in deciding the current issues presented.

There are decisions from other jurisdictions on the issue. We conclude that they are of little assistance. There are state and federal decisions which have held that under their particular statutes, the total period of probation on a multi-count indictment could not exceed five years. See *United States v. Albano*, 698 F.2d 144, 146 (2d Cir. 1983); *State v. Oliver*, 302 Md. 592, 597, 490 A.2d 242 (1985).

These decisions did not deal with statutes which are worded in the fashion of 21-4611. In addition, they appear to be based on considerations with which we disagree.

The Tenth Circuit Court of Appeals, in *Fox v. United States*, 354 F.2d 752, 754 (10th Cir. 1965), expressed concern that the aggregation of several counts in an indictment might result in a young person being placed on probation for life. The court, accordingly, construed the federal statute as not permitting probation to exceed five years. We do not share that concern, nor do we agree with the rationale of the Tenth Circuit. The length of probation in Kansas is a matter addressed, initially, to the discretion of the trial court. We have confidence in the trial courts of this state and trust that they would neither impose nor extend a period of probation without good cause to do so. If an individual has committed multiple crimes and wishes to avoid long-term in-

carceration, then perhaps a long term of probation is appropriate. We believe that under the system in place in Kansas, if a young person is placed on probation for the remainder of his or her life, that probation will have been richly earned. If it has not, it can be set aside as an abuse of discretion.

The language employed by 21-4611 limits the initial period of probation to not more than five years by providing "the period of . . . probation . . . fixed by the court shall not exceed five years in felony cases." Thus, the initial period of probation is limited to five years regardless of the greatest maximum sentence. However, the statute goes on to provide that this initial five-year period of probation is "subject to renewal and extension for additional fixed periods not exceeding five years in felony cases." This language obviously indicates that the five-year period of probation will and can be renewed by the court for an additional five-year period. Under the scheme set forth in 21-4611, a defendant must be brought back before the trial court every five years if his or her probation is to be extended. This provides for a periodic review and reevaluation of the situation and should ensure that probation will be extended only if the facts and circumstances warrant it. We leave to the trial court the discretion to determine whether the circumstances warrant an extension of the initial period of probation. We believe that our statutory formula will guard against excessively long and unfair terms of probation.

We hold that under the plain and unambiguous terms of K.S.A. 21-4611, the total period of probation is to be determined by adding the total maximum term provided by law for each of the several counts for which a defendant is convicted. The argument by defendant in this case that a multiple-count information cannot be aggregated in determining the longest period of probation would lead us to illogical and improbable results. For instance, if a defendant were sentenced to four consecutive terms of one to two years each, the maximum term of probation, under defendant's argument, would be two years. The net effect of this construction is that such a defendant would likely not be released on probation because to do so would essentially nullify the con-

secutive sentences. This is neither a logical nor a desirable result. Our statute requires us to consider the maximum term provided by law for each count on which a defendant is convicted in order to determine the maximum period of probation. This allows a court to deal with multi-count offenders by keeping them on probation for a length of time which is consistent with the crimes committed and which takes into consideration the maximum term provided by law for each conviction. The approach advocated by defendant would mean that an offender convicted of multiple counts of theft could not be treated differently than an offender convicted of only one count of theft. Such an approach is not consistent with our system of justice.

We hold as follows: (1) The greatest maximum term provided by law is the maximum length of time to which a defendant may be sentenced upon conviction of the crime in question. (2) When a defendant is convicted of multiple counts of crime, the maximum terms for each separate crime for which defendant is convicted are to be added together to determine the maximum period for which probation may be extended. (3) In any event, the initial period of probation for a felony cannot exceed five years. This term of probation may, upon proper notice and application, be extended by the trial court for additional periods of five years each up to the maximum term for which probation may be extended.

The trial court did not err in extending defendant's probation for an additional five years.

Affirmed.