The Honorable Lana Oleen State Senator, 22nd District 3000 Stagg Hill Road Manhattan, Kansas 66502
The Honorable Shari Weber State Representative, 68th District 934 Union Road Herington, Kansas 67449
Dear Senator Oleen and Representative Weber:
You inquire whether a district court may extend a defendant's probation in a felony case where the defendant has failed to pay restitution, fines, or costs.
In an attempt to decrease prison admissions,[1] the Legislature amended K.S.A. 1999 Supp. 21-4611 during the 2000 Legislative Session. Section 6 of 2000 House Substitute for Senate Bill No. 323 reduced probation periods for certain felony crimes.
 "Sec. 6. K.S.A. 1999 Supp. 21-4611 is hereby amended to read as follows: 21-4611.
. . . .
 "(c) [For] all crimes committed on or after July 1, 1993, the recommended duration of probation in all
felony cases sentenced for the following severity levels on the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes is as follows:
"(1) For nondrug crimes the recommended duration of probations is:
 "(A) Thirty-six months for crimes in crime severity levels 1 through 5;
and
 "(B) 24 months for crimes in crime severity levels 6 through 10 and 7.
 and
"(2) For drug crimes:
 "(A) Thirty-six the recommended duration of probation is 36 months for crimes in crime severity levels 1 through 3 and 2. and.
"(B) 24 months for crimes in crime severity level 4.
 "(3) In felony cases sentenced at severity levels 9 and 10 on the sentencing guidelines grid for nondrug crimes and severity level 4 on the sentencing guidelines grid for drug crimes, if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation, or assignment to a community correctional services program as provided under K.S.A. 75-5291 et seq., and amendments thereto, of up to 12 months in length.
 "(4) In felony cases sentenced at severity level 8 on the sentencing guidelines grid for nondrug crimes and severity level 3 on the sentencing guidelines grid for drug crimes, if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation, or assignment to a community correctional services program, as provided under K.S.A. 75-5291 et seq., and amendments thereto, of up to 18 months in length.
 "(5) If the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal.
 "(6) Except as provided in subsections (c)(4) and (c)(5] (c)(7) and (c)(8), the total period in all cases shall not exceed 60 months, or the maximum period of the prison sentence that could be imposed whichever is longer. Nonprison sentences may be terminated by the court at any time.
 "(4] (7) If the defendant is convicted of nonsupport of a child, the period may be continued as long as the responsibility for support continues. If the defendant is ordered to pay full or partial restitution, the period may be continued as long as the amount of restitution ordered has not been paid.
 (5] (8) The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term.
 "(d) The provisions of subsection (c), as amended by this act, shall be applied retroactively. The sentencing court shall direct that a review of all persons serving a nonprison sanction for a crime in severity levels 8, 9 or 10 of the sentencing guidelines grid for nondrug crimes or a crime in severity levels 3 or 4 of the sentencing guidelines grid for drug crimes be conducted. On or before September 1, 2000, the duration of such person's probation shall be modified in conformity with the provisions of subsection (c)."[2]
Subsection (d) requires that current probations be reviewed and, if necessary, modified to conform with the probation durations contained in subsection (c).
Prior to the amendments to K.S.A. 1999 Supp. 21-4611, district courts had great discretion in determining the length of probation. In State v.Shaffer,[3] the Kansas Court of Appeals upheld a district court's decision to extend probation for failure to pay restitution:
 "The length of probation in Kansas is a matter addressed, initially, to the discretion of the trial court. We have confidence in the trial courts of this state and trust that they would neither impose nor extend a period of probation without good cause to do so. If an individual has committed multiple crimes and wishes to avoid long-term incarceration, then perhaps a long term of probation is appropriate. We believe that under the system in place in Kansas, if a young person is placed on probation for the remainder of his or her life, that probation will have been richly earned. If it has not, it can be set aside as an abuse of discretion."[4]
A review of the 2000 amendments to K.S.A. 1999 Supp. 21-4611 reveals no change to the discretion enjoyed by district courts prior to the amendments. We note that the probation durations are merely "recommended" for the types of crimes listed in subsections (c)(1) and (2) of K.S.A. 1999 Supp. 21-4611, as amended. Moreover, the statute retains prior language in subsection (c)(6) which caps probation "in all cases" at 60 months or the maximum period of the prison sentence that could be imposed, whichever period is longer. Probation can be extended beyond the 60 month cap or the maximum prison sentence if the defendant has failed to pay restitution or upon a judicial finding of "necessity."[5]
Finally, the Legislature added subsection (c)(5) which allows a district court to impose a longer period of probation [for certain felony cases] in the interest of public safety and where the welfare of the defendant will not be served by the length of probation.
Clearly, a district court can extend a term of probation in a felony case if a defendant has failed to pay restitution.[6] If a defendant has failed to pay fines and costs in a felony case, a district court can also extend probation upon a finding of necessity pursuant to section (c)(8) of K.S.A. 1999 Supp. 21-4611, as amended. Regarding the felony probation durations listed in subsections (c)(3) and (c)(4),[7] a district court can impose a longer period
of probation for failure to pay fines and costs upon a finding that the "welfare of the inmate will not be served by the length of the probation term."
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Minutes, Senate Judiciary Committee, March 23, 2000 [The testimony addressed Senate Bill No. 665 which was incorporated into Section 6 of 2000 House Substitute for Senate Bill No. 323.]
[2] Strike-type indicate deletions of verbiage; verbiage in italics indicates new language.
[3] 20 Kan. App. 2d 347 (1995).
[4] Id., at 351-352.
[5] K.S.A. 1999 Supp. 21-4611, as amended by L. 2000, Ch. 182, § 6(c)(6)(7)(8).
[6] K.S.A. 1999 Supp. 21-4611(c)(7), as amended; State v. Cooper,267 Kan. 15 (1999).
[7] Probation of up to 12 months for severity levels 9 and 10 for nondrug crimes and severity level 4 for drug crimes; probation of up to 18 months for severity level 8 for nondrug crimes and severity level 3 for drug crimes.