(608 P.2d 1388)

No. 50,619

SABINO DAVILA and DIANA DAVILA, *Appellants,* v. DONALD R. VAN-DERBERG, *Appellee.*

Opinion filed April 11, 1980.

R. W. *Niederhauser,* of Mission, for appellants.

*Barry Warren, Barton Brown* and *Sally H. Williamson,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for appellee.

Before SWINEHART, P.J., REES and SPENCER, JJ.

REES, J.: Plaintiffs appeal from an order of dismissal reciting the ground for dismissal to be that "the action was not timely commenced as required by K.S.A. 60-203."

On April 25, 1977, plaintiffs filed a petition in the Wyandotte County District Court seeking personal judgments against defendant, recovery for personal injuries and property damage arising out of an automobile accident that occurred on April 25, 1975, in Wyandotte County. The accident involved an automobile driven by defendant and an automobile owned and driven by plaintiff Sabino Davila. Plaintiff Diana Davila was a passenger in the latter automobile. The petition alleges "defendant is a resident of Wyandotte County, Kansas."

K.S.A. 60-203 states:

"A civil action is commenced by filing a petition with the clerk of the court, provided service of process is obtained or the first publication is made for service by publication, within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process or first publication. An entry of appearance shall have the same effect as service."

It has been held "that jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance." *Haley v. Hershberger,* 207 Kan. 459, 463, 485 P.2d 1321 (1971).

Summons was issued, apparently to the Wyandotte County sheriff, on April 26, 1977, for personal service on defendant; the

return, dated April 27, 1977, and filed April 28, 1977, showed no service. Alias summons was issued to the Jewell County or Jefferson County sheriff on April 14, 1978, for personal service on defendant; the return, dated April 24, 1978, and filed April 25, 1978, showed no service. No other issuance of summons is reflected by the record on appeal.

We gather from the appearance docket included as a part of the record on appeal that the mechanics for constructive service of process, service by publication, were initiated by the filing on July 20, 1977, of an affidavit for publication service as called for by K.S.A. 60-307(*d*). No proof of publication has been filed with the court by the publisher but the record on appeal includes a 1978 motion of plaintiffs that has attached to it a copy of proof of publication, in affidavit form, reflecting publication of notice on a single date, July 22, 1977, in a newspaper printed and published in Wyandotte County and which newspaper is authorized by law to publish legal notices. See K.S.A. 60-307(*e*). There is no showing in the record on appeal of compliance with the K.S.A. 60-307(*f*) requirement that a copy of the publication notice be mailed to the defendant. K.S.A. 60-307(*e*) requires publication once a week for three consecutive weeks. K.S.A. 60-307(*g*) provides that:

"Service by publication shall be deemed complete when it shall have been made in the manner and for the time prescribed in [K.S.A. 60-307] (*e*) and (*f*) . . . ."

Clearly, publication service has not been obtained; is not to be "deemed complete." Further, constructive service upon defendant by utilization of the K.S.A. 60-307 procedure would not support subject matter jurisdiction for entry of personal judgments against defendant for plaintiffs' injuries and damages arising out of the automobile accident since K.S.A. 60-307(*b*) explicitly provides that publication service "shall not warrant a personal judgment against [the] defendant."

To this date there has been no perfected personal or completed constructive service of process upon defendant.

On June 19, 1978, the defendant filed a motion to dismiss in which he relied upon five of the seven defenses set forth in K.S.A. 60-212 (*b*); the two omitted defenses were improper venue and failure to join a necessary party. How defendant became aware plaintiffs had filed anything in court and why he was motivated to file his motion is not reflected in the record on appeal.

Ultimately, the trial court entered its order of dismissal.
In regard to limitations, K.S.A. 60-510 provides that:

"Civil actions . . . can only be commenced within the period prescribed in [K.S.A. 60-511 *et seq.*], after the cause of action shall have accrued."

Plaintiffs concede this is an action coming within the two-year limitations period set by K.S.A. 60-513, but they contend the relevant facts are such that by operation of K.S.A. 60-517 there has been a tolling of limitations as to defendant. It is claimed defendant has absconded or concealed himself subsequent to April 25, 1975, the accident date.

No evidentiary proceedings took place in the trial court. When the trial court ruled on defendant's motion to dismiss, the only possibly relevant information available to it was the information we have set forth above, excluding the copy of the publisher's proof of service, and an affidavit of one Ed Bruns filed May 15, 1978. The Bruns affidavit, even if cognizable, is material only with respect to the question of tolling and will not be set forth. It is not material to our decision.

The trial court's stated ground for its dismissal of plaintiffs' claim causes us uncertainty. If "the action was not *timely* commenced," it was by reason of noncompliance with the relevant parts of our statute of limitations, K.S.A. 60-510 *et seq.*, not noncompliance with K.S.A. 60-203. Whether under the facts the tolling provision of K.S.A. 60-517 is applicable is not material.

For a court to act upon a claim for relief presented to it, the court must have subject matter jurisdiction and jurisdiction over the person of the parties. Here the trial court had personal jurisdiction over the plaintiffs; they subjected themselves to the trial court's jurisdiction by filing their petition in that court. Service of process would result in jurisdiction over the person of defendant for exercise of the trial court's subject matter jurisdiction, the power to enter and enforce personal judgments founded upon defendant's alleged tortious conduct. The completion of service by publication, if there were such here, would result in jurisdiction over the person of defendant for exercise of the trial court's power to enter and enforce a judgment or judgments affecting property, *res* or status. See K.S.A. 60-307(*b*). This latter jurisdiction is *in rem,* not *in personam. Lillis v. Lillis,* 1 Kan. App. 2d 164, 165, 563 P.2d 492 (1977). So far as is pertinent in this case, K.S.A. 60-203 provides that commencement of an action

requires the filing of a petition *and* the obtaining of service of process; the obtaining of service of process is the obtaining of jurisdiction over the person of the defendant. In this case, service of process has not been obtained; the case has not been commenced for the purpose of fixing the time of its commencement.

Whatever may have been meant by the trial court's statement of the ground relied upon by it for dismissal, the case was properly dismissed for the reason that service of process had not been obtained on defendant—there was, and is, lack of jurisdiction over the person of the defendant.

Affirmed.