(782 P.2d 68)

No. 63,139

STATE OF KANSAS, *ex rel.* SECRETARY OF SOCIAL AND REHABILITATION
SERVICES, *Appellee*, v. DALE FRANCIS STEPHENS, *Appellant.*

Opinion filed September 1, 1989.

*Charles A. Dixon* and *Hartzell J. Whyte*, of Kansas City, for appellant.

*Frank E. Kohl*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., RULON, J., and NELSON E. TOBUREN, District Judge, assigned.

REES, J.: This is a parentage determination action brought to establish the existence of a father and child relationship for Thomas Francis Heinz (Thomas), a minor, and to enforce support rights. As authorized by K.S.A. 39-755, the action is prosecuted by the Secretary of Social and Rehabilitation Services (SRS) pursuant to K.S.A. 38-1115(b). The alleged father, defendant Dale Francis Stephens, appeals from a trial court decision determining him to be Thomas' father.

Only the question of jurisdiction will be discussed in this opinion inasmuch as our resolution of that question is dispositive of this appeal.

These are the statutory provisions pertinent to the case before us:

"Proceedings concerning parentage of a child shall be governed by [the Kansas Parentage Act, K.S.A. 38-1110 through K.S.A. 38-1130]." K.S.A. 38-1110(b).

"An action under [the Kansas Parentage Act] is a civil action governed by the rules of civil procedure." K.S.A. 38-1120(a).

"As used in [the Kansas Parentage Act], 'parent and child relationship' means the legal relationship existing between a child and the child's biological . . . parents incident to which the law confers or imposes rights, privileges,

duties and obligations. It includes . . . the father and child relationship." K.S.A. 38-1111.

"The parent and child relationship between a child and:  ·

. . . .

"(b) The father may be established under [the Kansas Parentage Act]." K.S.A. 38-1113.

"The district court has jurisdiction of an action brought under [the Kansas Parentage Act]." K.S.A. 38-1116(a).

"The child shall be made a party to an action brought under [the Kansas Parentage Act]. The mother, each man presumed to be the father under K.S.A. 38-1114 . . . *and* each man alleged to be the father *shall* be made parties or, if not subject to the jurisdiction of the court, *shall* be given notice of the action in a manner prescribed by the court and shall be afforded the opportunity to be heard." (Emphasis added.) K.S.A. 38-1117.

"(a) A man is presumed to be the father of a child if:

"(1) He and the child's mother . . . have been married to each other and the child is born . . . within 300 days after the marriage is terminated . . . ." K.S.A. 38-1114.

"When authorized under K.S.A. 39-755 . . . [SRS] may bring an action . . . to determine the existence of the father and child relationship." K.S.A. 38-1115(b).

"In cases where [SRS] is deemed to have an assignment of support rights . . . [SRS] is authorized to bring a civil action in the name of the state of Kansas . . . to establish the parentage of a child." K.S.A. 39-755(a).

For the purposes of and by operation of these statutory provisions, in this case Thomas is the child, Frances Lorene Heinz is the mother, Frank Tullis is the presumed father, and Stephens is the alleged father. Of these four, only the alleged father, Stephens, was made a party to this action. Neither the child, the mother, nor the presumed father was made a party or "given notice of the action" as required by K.S.A. 38-1117. It is patent that each of these three has a personal stake in the outcome of the action; their interests are both personal and real. See K.S.A. 38-1111; K.S.A. 38-1121. Yet, contrary to K.S.A. 38-1117, none of the three was made a party or given notice.

In *Davila v. Vanderberg*, 4 Kan. App. 2d 586, 588, 608 P.2d 1388 (1980), it is said: "For a court to act upon a claim for relief presented to it, the court must have subject matter jurisdiction and jurisdiction over the person of the parties. . . . [S]ubject matter jurisdiction [is] the power to enter and enforce [a judgment]."

K.S.A. 38-1117 mandates that, in a parentage determination action under facts such as those existing here, the child, the mother, the presumed father, and the alleged father each be made a party or, if not subject to the jurisdiction of the trial court,

that person shall be given notice. We are satisfied and conclude that that mandate makes the inclusion of those persons as parties a prerequisite to subject matter jurisdiction. K.S.A. 38-1116 provides that parentage determination actions brought under the Kansas Parentage Act are within the subject matter jurisdiction of Kansas district courts. Nonetheless, K.S.A. 38-1117 operates to invoke the condition that, in each parentage determination action, there must be compliance with K.S.A. 38-1117 for the district court to have subject matter jurisdiction. Without compliance with K.S.A. 38-1117, the district court does not have subject matter jurisdiction under K.S.A. 38-1116.

SRS asserts that the question of jurisdiction is not available for our review because Stephens admitted in his answer that the trial court had "jurisdiction over the parties and subject matter" and lack of jurisdiction was not raised as a defense in the trial court. The record on appeal does not support the assertion. Further, Stephens had no standing to make the purported admission as one binding upon the child, the mother, or the presumed father. And, consent does not waive subject matter jurisdictional defects. *In re Miller*, 228 Kan. 606, 608, 620 P.2d 800 (1980).

We are instructed in *Minter-Wilson Drilling Co. v. Randle*, 234 Kan. 624, 628, 675 P.2d 365 (1984), that:

"When a district court has no jurisdiction of the subject matter of the appeal, an appellate court does not acquire such jurisdiction by an appeal from the ruling of the district court. An appellate court may raise the question of jurisdiction on its own motion. When a court is without jurisdiction of the subject matter of an action, its authority in respect thereto extends no further than to dismiss the action. *In re Miller*, 228 Kan. 606, Syl. ¶ 2, 620 P.2d 800 (1980)."

See *In re K-Mart Corp.*, 232 Kan. 387, 389, 654 P.2d 470 (1982); *In re Lakeview Gardens, Inc.*, 227 Kan. 161, 173, 605 P.2d 576 (1980).

Appeal dismissed. Case is remanded to the district court with instructions to vacate the judgment and dismiss the action.