(966 P.2d 85)
No. 77,807

STATE OF KANSAS, *ex rel.*, SECRETARY, DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellee*, v. HENRY E. MAYFIELD, *Appellant.*

Opinion filed September 4, 1998.

*David P. Troup*, of Weary, Davis, Henry, Struebing & Troup, LLP, of Junction City, for appellant.

*Randy M. Barker*, of Kansas Department of Social and Rehabilitation Services, for appellee.

Before ROYSE, P.J., LEWIS and KNUDSON, JJ.

KNUDSON, J.: Henry E. Mayfield appeals from the judgment of the district court in an action brought by Kansas Department of Social and Rehabilitation Services (SRS) to establish parentage, enforce support rights, and obtain reimbursement for aid to families with dependent children. The district court found that Mayfield is the father of D.E.W.; it established prospective child support and granted partial reimbursement for assistance that had been provided by SRS.

On appeal, Mayfield argues: (1) The district court lacked subject matter jurisdiction to hear this action; (2) the district court erred in determining his second motion for a new trial was untimely; (3) the Kansas recoupment statute violates the Supremacy Clause of Article VI of the United States Constitution; (4) the statute of limitations bars part of the SRS claim for reimbursement; and (5) application of the recoupment statute denies him due process and equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

We conclude the district court did have subject matter jurisdiction, and the remaining issues raised on appeal are not properly before us. Consequently, we affirm the judgment of the district court.

The facts of this case are extreme. In December 1984, S.L. became pregnant with D.E.W. after a one-night affair with Mayfield. D.E.W. was born on September 1, 1985. S.L. applied for and received cash and medical assistance from SRS for the benefit of D.E.W. that ultimately totaled $13,850.42.

S.L. mistakenly believed that her long-time boyfriend was D.E.W.'s father. Blood test results ultimately ruled him out. S.L. then named another individual as the father; however, he too was excluded based upon blood tests.

In November 1991, S.L. recalled her one night with Mayfield and told SRS that he might be the father. Unfortunately, she did not accurately remember his name and gave SRS the wrong name

of Mayflower. Finally, in 1994, SRS unraveled the mistake in sur-name and located Mayfield. Subsequent blood tests resulted in a 99 percent probability that Mayfield is D.E.W.'s father. During the ensuing litigation, Mayfield admitted parentage.

In October 1994, SRS commenced this lawsuit, alleging that Mayfield was responsible for repaying SRS $13,850.42 for assis-tance and requested that the district court establish an ongoing child support order. Mayfield testified that he did not learn about D.E.W.'s birth until SRS contacted him shortly before the lawsuit began.

Mayfield argued that he was not liable for the medical and cash assistance that had been provided because K.S.A. 39-718b, the Kansas recoupment statute, denied him due process and equal pro-tection of the laws in violation of the Fourteenth Amendment to the United States Constitution. He further argued that K.S.A. 60-512(2) was applicable and barred recovery for public assistance expended more than 3 years prior to the filing of the lawsuit. The district court rejected Mayfield's claims, and in a journal entry filed July 9, 1996, ordered him to reimburse SRS for one-half of the medical expenses paid and all of the cash assistance, all totaling $10,656.55.

Mayfield filed a timely motion for a new trial, arguing that the court's order for back support violated due process and equal pro-tection and that a portion of the order was barred by the statute of limitations. The district court's order denying the motion was filed on July 25, 1996.

While preparing an appeal, Mayfield's trial attorney located a case from the 8th Circuit which he believed supported an argu-ment that K.S.A. 39-718b was unconstitutional because it violated the Supremacy Clause in Article VI of the United States Consti-tution. This caused Mayfield to file a second motion for a new trial on August 1, 1996. At a hearing upon this motion, SRS successfully argued that the motion was untimely because it was filed more than 10 days after the journal entry of judgment had been filed. The district court also denied the motion if considered under K.S.A. 60-260, concluding K.S.A. 39-718b was not violative of the Supremacy Clause.

Mayfield did not file a notice of appeal in this lawsuit until October 9, 1996. As we will discuss later in this opinion, we conclude Mayfield's notice of appeal was not timely to preserve issues of trial error or the overruling of the first motion for a new trial. But first, we turn to the issue of subject matter jurisdiction.

Whether a court has subject matter jurisdiction is a question of law over which this court has plenary review. Questions of subject matter jurisdiction may be raised at any time and need not be first raised before the district court. *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, Syl. ¶ 2, 887 P.2d 1147 (1995).

Mayfield argues that the district court lacked subject matter jurisdiction because S.L. and D.E.W. were not named parties as required in K.S.A. 1997 Supp. 38-1117(a), which states:

"(a) Except as otherwise provided in subsection (b), the child, the mother, each man presumed to be the father under K.S.A. 38-1114 and amendments thereto and each man alleged to be the father shall be made parties or, if not subject to the jurisdiction of the court, shall be given notice of the action in a manner prescribed by the court and shall be afforded the opportunity to be heard."

Mayfield cites as authority *State ex rel. Secretary of SRS v. Stephens*, 13 Kan. App. 2d 715, Syl., 782 P.2d 68 (1989), for the principle that the lack of one of the required parties is a defect divesting the district court of subject matter jurisdiction. Mayfield acknowledges, however, that following the *Stephens* decision, K.S.A. 38-1117 was amended to include subsection (b), which states: "In an action to establish an order for support of the child, failure to join any person as a party shall not deprive the court of jurisdiction to determine whether a party to the action has a duty to support the child and, if so, to enter an order for support."

Nonetheless, Mayfield argues that subsection (b) does not apply because the action brought against him was to recover past medical expenses and cash assistance, not to establish an order of support.

We do not agree with Mayfield's interpretation of K.S.A. 1997 Supp. 38-1117(b). The above amendment to K.S.A. 38-1117, following the holding in *Stephens*, was intended by the legislature to prevent the result Mayfield suggests. The expenses sought to be reimbursed by SRS, past medical expenses and cash assistance,

constitute support for the minor child. We conclude the district court did not err in its determination of subject matter jurisdiction.

Mayfield's next issue is that the district court erred in holding that his second motion for a new trial was not timely filed under K.S.A. 60-259(b). Mayfield acknowledges that this court would be without jurisdiction to consider most of the other issues raised on appeal if the district court was correct in its holding.

Mayfield argues that his second motion for a new trial should be considered timely under K.S.A. 60-259(b) because it was filed within 10 days after the order denying the first motion for new trial. Mayfield does not provide us with any decisional authority to support his argument; however, SRS has brought to our attention *In re Marriage of Hansen,* 18 Kan. App. 2d 712, 858 P.2d 1240 (1993), which is instructional.

In *Hansen,* after an order was entered increasing Hansen's child support, he filed a motion for rehearing within 10 days that was ultimately denied. He then filed a second motion for rehearing within 10 days of the order denying the first motion for rehearing. Apparently, the district court considered the second motion on its merits, but denied relief. Hansen then filed his notice of appeal within 30 days of the order denying the second motion for rehearing, but more than 30 days after denial of the first motion for rehearing. Thus, the jurisdictional issue before the Court of Appeals was whether Hansen's second motion for rehearing tolled the time for appeal under K.S.A. 60-2103.

The *Hansen* court found no authority that a party is precluded from filing redundant motions. "While other consequences may arise as a result of the filing of a redundant motion, such as the imposition of sanctions, we find no procedural rule which prohibits the filing of the motion itself." 18 Kan. App. 2d at 715. Nevertheless, the court then specifically stated that the second motion did not toll the time for filing an appeal from the original judgment: "Even if the second motion is treated as a 60-259(f) motion, it does not toll the time to appeal from the order increasing support because it was not filed within 10 days of that order. Therefore, . . . there was not a timely appeal from the original order increasing support." 18 Kan. App. 2d at 715.

The *Hansen* court then noted Hansen had also appealed from the orders denying both motions for rehearing and "[b]ecause his second motion for rehearing was filed within 10 days of the denial of the first rehearing motion, and the notice of appeal was filed within 30 days of denial of the second motion, Hansen's appeal of the orders denying the rehearing motions is timely." 18 Kan. App. 2d at 715.

We believe the above reasoning in *Hansen* is an overly broad construction of K.S.A. 60-259 and K.S.A. 60-2103. We note that this reasoning was not material to the court's jurisdictional issue because both motions contained the identical issues. In other words, Hansen's second motion was a repetitive attempt to persuade the trial court that it had incorrectly decided the issues raised in the first motion for new trial.

Conversely, in the case now on appeal, Mayfield is attempting to resurrect issues on appeal not contained within the second motion for new trial. Under those circumstances, we do not believe K.S.A. 60-2103 should be interpreted to permit the tolling of the 30-day period to file a notice of appeal as to the issues raised only in the first motion for new trial. We disagree with the dicta in *Hansen* that suggests a contrary construction.

The district court, notwithstanding its ruling that Mayfield's second motion for new trial was not timely under K.S.A. 60-259, proceeded to consider the motion under K.S.A. 60-260 and concluded K.S.A. 39-718b does not violate the Supremacy Clause of the United States Constitution. The constitutionality of a statute is a question of law over which this court has de novo review. *State v. Myers*, 260 Kan. 669 Syl ¶ 3, 923 P.2d 1024 (1996), *cert. denied* 521 U.S. 1118 (1997).

Mayfield argues that K.S.A. 39-718b violates the Supremacy Clause because the statute conflicts with federal regulations in 45 C.F.R. § 302.56 (1997). His argument is based upon a federal appellate court decision, *Jackson v. Rapps*, 947 F.2d 332 (8th Cir. 1991), which found a Missouri recoupment statute unconstitutional that did not provide for consideration of the financial condition of an obligor when setting child support payments. Mayfield contends that K.S.A. 39-718b is likewise unconstitutional on its face.

We decline to address this issue because of the district court's findings and the judgment that was entered. The district court specifically found that Mayfield's financial circumstances were considered in determining an appropriate recoupment order. Second, the district court did not grant SRS full reimbursement. Obviously, the district court did not construe K.S.A. 39-718b in a manner Mayfield suggests would be unconstitutional. Accordingly, we decline to consider this issue because it is based upon speculative circumstances. See *Kimbell v. Hooper*, 164 Vt. 80, 88, 665 A.2d 44 (1995).

In reaching this conclusion, we realize Mayfield now argues that the district court did not really consider his financial circumstances and ability to pay before ordering partial reimbursement to SRS. We will not consider an issue raised for the first time on appeal. *Ripley v. Tolbert*, 260 Kan. 491, 513, 921 P.2d 1210 (1996).

As previously explained, we lack jurisdiction to consider the remaining issues that Mayfield has attempted to raise in this appeal.

Affirmed.