(26 P.3d 76)
No. 85,478

STATE OF KANSAS, *ex rel.* SECRETARY OF DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellees,* v. WILLIE C. COOK, JR., *Appellant.*

Opinion filed June 15, 2001.

*J. Mark Meinhardt,* legal intern, and *Sheila Reynolds,* of Washburn Law Clinic, of Topeka, for appellant.

*Randy M. Barker* and *Daric S. Smith,* of Department of Social and Rehabilitation Services, for appellees.

Before GREEN, P.J., KNUDSON, J., and PHILIP C. VIEUX, District Judge, assigned.

KNUDSON, J.: The defendant, Willie Cook, appeals from the district court's order granting the Department of Social and Rehabilitation Services (SRS) a money judgment of $3,453.80 for assistance expended on behalf of his minor child, D.C. The pivotal issue on appeal is whether Cook was denied due process of law because the district court refused to consider his equitable defenses of age, station in life, and inability to pay.

We reverse and remand for further consideration of Cook's equitable defenses based upon the evidentiary transcript of proceedings held on January 6, 2000.

The underlying circumstances are not in material dispute. Paternity is not an issue. Cook was 16 years old when D.C. was born on January 10, 1998. SRS provided $2,177.99 for assistance des-

ignated by statute as "[a]id to families with dependent children" (AFDC), and an additional $2,875.29 for medical expenses attendant to D.C.'s birth. SRS sought recovery from Cook under K.S.A. 39-718b.

An expedited hearing was conducted under K.S.A. 20-164, Supreme Court Rule 172 (2000 Kan. Ct. R. Annot. 206), and the detailed expedited judicial process established by the chief judge of the Shawnee County District Court. At the conclusion of the full evidentiary hearing, the administrative hearing officer granted SRS a money judgment against Cook totaling $3,453.80 to be paid pursuant to an income withholding order that was entered. The hearing officer reduced SRS's reimbursement request by deducting payments due for the 2 months when D.C. lived with Cook's mother; additionally, and inexplicably, the hearing officer only granted SRS one-half of the medical expenses sought in reimbursement.

In announcing her decision, the hearing officer explained that she could not consider Cook's age, station in life, and financial ability to pay in awarding SRS judgment under K.S.A. 39-718b. Subsequently, a judge of the Shawnee County District Court reviewed the award and affirmed the decision of the hearing officer. The district judge specifically found under our holding in *In re Morgan*, 24 Kan. App. 2d 324, Syl., 943 P.2d 77 (1997), that the district court could not consider Cook's equitable defenses in a K.S.A. 39-718b proceeding.

The issue as to whether a district court may consider an obligor's equitable defenses requires us to interpret K.S.A. 39-718b, which states, in material part:

"(a) Except as provided in subsection (b), a child's parent, parents or guardian shall be liable to repay to the secretary of social and rehabilitation services any assistance expended on the child's behalf, regardless of the specific program under which the assistance is or has been provided. When more than one person is legally obligated to support the child, liability to the secretary shall be joint and several. The secretary shall have the power and authority to file a civil action in the name of the secretary for repayment of the assistance, regardless of the existence of any other action involving the support of the child."

Interpretation of a statute is a question of law, and appellate review is unlimited. *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22,

24, 956 P.2d 729, *rev. denied* 265 Kan. 886 (1998). Additionally, " ' "[i]n determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it and if there is any reasonable way to construe the statute as constitutionally valid, that should be done." ' " *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./Kansas City*, 264 Kan. 293, 300, 955 P.2d 1136 (1998).

K.S.A. 39-718b was enacted in 1988 when the Kansas Legislature repealed K.S.A. 39-718a (Ensley 1986). The pertinent language of K.S.A. 39-718a was virtually identical to that in K.S.A. 39-718b, providing an "absent parent shall be liable to repay to the secretary of social and rehabilitation services the child's portion of assistance so expended."

The constitutionality of K.S.A. 39-718a was considered in *State ex rel. Secretary of SRS v. Castro*, 235 Kan. 704, 684 P.2d 379 (1984). The Supreme Court, in an opinion authored by Chief Justice Prager (then Justice Prager), said:

"After an assignment of support rights to SRS becomes effective on the payment of child support payments by SRS, any civil action which is brought by SRS to recover support payments from the absent parent is essentially the same cause of action which the custodial parent or the child had against the absent parent and which cause of action is assigned to the secretary. That being true, it logically follows that any defenses which the defendant father, as absent parent, could have asserted as a defense to an action brought by the mother of the child may also be asserted in the action brought by SRS for the recoupment of support payments made on behalf of the child." 235 Kan. at 711.

The court then noted:

"The first point raised by defendant is that K.S.A. 39-718a, which provides for reimbursement to SRS from an absent parent for AFDC payments, violates the absent parent's right to due process of law, because it permits the state to recover from him without affording him a hearing and without taking into account the absent parent's ability to pay, station in life, health, support payments made directly to and for his children, and any other circumstances in the case. We agree with the trial court that this contention is without merit. As noted above, the trial court ruled, in substance, that in this case the defendant, Castro, as the absent parent, could properly assert, in this action brought by SRS for recovery of support payments, any defense that Castro might have against the cause of action and, therefore, defendant was afforded a full hearing prior to the time any judgment in favor of SRS could be entered against him." 235 Kan. at 711.

We conclude the reasoning in *Castro* provides ample precedent to conclude that in an action brought pursuant to K.S.A. 39-718b, a defendant must be given the opportunity to assert whatever legal or equitable defenses he or she might have as if the action had been brought by the custodial parent.

The lower court's reliance upon *Morgan* is misplaced. In *Morgan*, the district court reasoned the defendant parent should only be liable for one-half of the assistance expended because SRS, under the facts of the case, could recover the balance from the child's other parent. 24 Kan. App. 2d at 325. We appropriately held the district court erred because K.S.A. 39-718b provides for joint and several liability. 24 Kan. App. 2d at 325. *Morgan* did not address the issue presented here.

Cook also contends the 1998 Kansas Child Support Guidelines (Administrative Order No. 128) (1998 Kan. Ct. R. Annot. 91) must be applied in an action under K.S.A. 39-718b. We do not agree. An action thereunder is to recover public assistance expended on a child's behalf; it is not an action to establish child support or review a preexisting child support order. Indeed, "assistance" is defined in K.S.A. 39-702(d) and is distinct from the concept of child support.

We acknowledge that in *State ex rel. Secretary of SRS v. Mayfield*, 25 Kan. App. 2d 452, Syl. ¶ 3, 966 P.2d 85 (1998), a panel of this court held "[t]he payment of past medical expenses and cash assistance by [SRS] constitutes child support." However, the issues in *Mayfield* concerned subject matter jurisdiction and construction of K.S.A. 1997 Supp. 38-1117(a). We do not believe under the issues now presented *Mayfield* should control.

Finally, we confess confusion as to why the hearing officer would not consider Cook's equitable defenses but then, without explanation, only allow SRS to recover one-half of the medical reimbursement. That decision would appear to be inconsistent with the express provisions of K.S.A. 39-718b and our holding in *Morgan*, 24 Kan. App. 2d 324. However, SRS did not file a cross-appeal in this case. We conclude that upon remand the district court, in deciding whether Cook should be given further relief, may take

into consideration the fact medical reimbursement was substantially reduced.

Reversed and remanded with directions.