NOT DESIGNATED FOR PUBLICATION

No. 126,885

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARLIN D. WILLIAMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral arguments. Opinion filed November 22, 2024. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., GARDNER, J., and CARL FOLSOM III, District Judge, assigned.

PER CURIAM: Marlin Williams appeals the district court's summary denial of his fifth K.S.A. 60-1507 motion, filed more than eight years after his conviction became final. Williams argues that his conviction for aggravated trafficking should be vacated because the complaint in his criminal case was fatally defective. Williams also argues that this alleged defective complaint allows him to overcome the procedural hurdles of untimeliness and successiveness under K.S.A. 60-1507. After considering these claims closely, we conclude that Williams' fifth K.S.A. 60-1507 motion was untimely, and he

1

has failed to demonstrate manifest injustice or a colorable claim of actual innocence. Thus, we affirm the district court's summary denial of Williams' K.S.A. 60-1507 motion.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2008, the State charged Williams with aggravated trafficking under K.S.A. 2006 Supp. 21-3447(a)(2) for driving a 15-year-old girl from Wichita, Kansas, to Dallas, Texas, to join his prostitution ring. The court held a preliminary hearing and found probable cause to bind Williams over for trial as charged.

About a month after the preliminary hearing, Williams filed a pro se motion to dismiss the charge. In this motion, Williams argued that the complaint that charged him with aggravated trafficking was fatally defective. He explained that K.S.A. 2006 Supp. 21-3447(a)(2) made it illegal to recruit or transport a person under 18 years old knowing that the person will be "used to engage in *forced labor, involuntary servitude or* sexual gratification" while the complaint only alleged that he had recruited or transported the victim knowing that she "will be used to engage in sexual gratification." (Emphasis added.) Williams argued that, because the complaint omitted the words "forced labor," this rendered the complaint fatally defective.

The district court held a hearing on this motion. There, Williams argued that the complaint was defective because it did not charge him with the full statutory text. The State countered that it properly excluded the forced labor and involuntary servitude theories from the complaint. The district court agreed with the State and denied Williams' motion to dismiss. The court explained that K.S.A. 2006 Supp. 21-3447(a)(2) prohibited "[f]orced labor, involuntary servitude *or* sexual gratification," which meant that the State did not have to charge all three theories to convict Williams of the offense. (Emphasis added.) The court told Williams, "You're charged with taking this young lady down to Texas and having her for gratification of you or another, potential clients, I suppose,

2

engage in sexual activity. . . . That fits the statute. . . . It is certainly within the State's right to charge as they have had and leave out theories."

Williams' case proceeded to trial. There, the district court instructed the jury that it should convict Williams of aggravated trafficking if it found that he recruited or transported the victim knowing that she "would be used to engage in sexual gratification of [Williams] or another." After hearing all the evidence, the jury convicted Williams of aggravated trafficking under K.S.A. 2006 Supp. 21-3447(a)(2). The district court granted a downward durational departure, sentencing Williams to 246 months' imprisonment.

*Williams' appeals and collateral attacks*

Williams appealed. Finding no reversible error, the Kansas Supreme Court affirmed Williams' conviction and sentence. *State v. Williams*, 299 Kan. 911, 913, 329 P.3d 400 (2014). The court issued the mandate on July 21, 2014.

While his direct appeal was still pending, Williams filed his first K.S.A. 60-1507 motion. The district court denied this motion as premature.

In late 2014, several months after the Supreme Court had affirmed his convictions and sentence in his direct appeal, Williams filed his second K.S.A. 60-1507 motion. He alleged that his trial counsel provided constitutionally deficient representation for failing to move for an arrest of judgment because the complaint was "'fatally defective, due to [its] failure to allege that [Williams] committed the acts of . . . forced labor and involuntary servitude.'" *Williams v. State*, No. 114,200, 2016 WL 7428361, at *3 (Kan. App. 2016) (unpublished opinion).

The district court summarily denied this motion, and this court affirmed, finding that "the words . . . forced labor . . . and involuntary servitude do not represent essential *elements* of the crime of aggravated trafficking that must be plead[ed] in every criminal case." 2016 WL 7428361, at *6. Rather, this court found, the State properly omitted this extra language because "the State's theory of the case did not allege that these methods played any role in the commission of the offense." 2016 WL 7428361, at *6. Put simply, this court held that the "omission of these surplus words . . . did not make the charging document defective." 2016 WL 7428361, at *6.

Williams filed a third and fourth K.S.A. 60-1507 motion in 2017 and 2019. Both motions were summarily denied and dismissed as untimely and affirmed on appeal. *Williams v. State*, No. 119,413, 2019 WL 3367587, at *1 (Kan. App. 2019) (unpublished opinion), *rev. denied* 313 Kan. 1046 (2021); *Williams v. State*, No. 122,776, 2022 WL 1279271, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 316 Kan. 764 (2022).

*Williams' present motion*

In January 2023, Williams filed his fifth K.S.A. 60-1507 motion—the subject of this appeal. In this motion, Williams advanced a similar defective-complaint argument to the one this court denied in his second K.S.A. 60-1507 motion—that the complaint that charged him with aggravated trafficking was defective because it failed to allege that the victim was caused to engage in "forced labor or involuntary servitude." 2016 WL 7428361, at *6. Williams now claimed that aggravated trafficking under K.S.A. 2006 Supp. 21-3447(a) required the State to prove the elements of simple trafficking under K.S.A. 2006 Supp. 21-3446. Thus, because the charge of aggravated trafficking did not allege that the victim was caused to engage in "forced labor or involuntary servitude" (an element of simple trafficking under K.S.A. 2006 Supp. 21-3446), Williams argued, it omitted an essential element of the offense.

4

Based on this argument, Williams claimed that his trial counsel was ineffective for "refusing to contest the charge of aggravated trafficking"; the district court erred when it bound him over for trial based on the deficient complaint; the prosecutor erred by stating at the hearing on his motion to dismiss that "the language of forced labor or involuntary servitude [was] not required"; and his appellate counsel was ineffective for failing to challenge the deficient complaint in his direct appeal.

Williams acknowledged in his motion that persons in custody cannot file untimely or successive K.S.A. 60-1507 motions. But he maintained that his motion should be excused because there had been an unforeseeable change in the law—regarding challenges to defective complaints—and that he made a colorable claim of actual innocence—because he alleged that the complaint was fatally defective.

On January 26, 2023, district court summarily denied this K.S.A. 60-1507 motion, finding it untimely and successive and that Williams failed to raise a colorable claim of actual innocence.

On February 3, 2023, Williams filed a timely posttrial motion, objecting to the district court's summary denial of his K.S.A. 60-1507 motion. The district court overruled this objection on February 7. On February 14, Williams filed another posttrial motion, arguing that the district court erred in denying him relief under K.S.A. 60-1507. The district court denied this second posttrial motion on July 3. Williams then filed his notice of appeal on July 31, 2023.

DISCUSSION

On appeal, Williams challenges the summary denial of his fifth K.S.A. 60-1507 motion, claiming that because the complaint that charged him with aggravated trafficking

5

was fatally defective, he can overcome the procedural hurdles of untimeliness and successiveness and thus is ultimately entitled to relief under K.S.A. 60-1507.

1.    *This court has jurisdiction to hear Williams' appeal.*

The first issue we must decide is whether Williams' notice of appeal was timely, which vests us with appellate jurisdiction to hear this case at all. We issued a show-cause order, instructing the parties to brief this issue. The State argues that Williams' notice of appeal was untimely because it was not filed within 30 days of the denial of Williams' first posttrial motion. Williams, on the other hand, argues that the appeal deadline was tolled a second time by his second timely filed posttrial motion, meaning that this court has appellate jurisdiction.

Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022). Similarly, to the extent that this question requires the interpretation of statutes, appellate courts apply a de novo analysis to that interpretation. *State v. LaPointe*, 309 Kan. 299, 312, 434 P.3d 850 (2019).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Thus, appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021). In most civil cases, Kansas law requires an appellant to file a notice of appeal within 30 days of the entry of final judgment. K.S.A. 2023 Supp. 60-2103(a). But an appellant may toll this 30-day deadline by filing a motion to alter or amend the judgment within 28 days of that judgment. K.S.A. 2023 Supp. 60-2103(a); K.S.A. 2023 Supp. 60-259(f).

Williams filed two posttrial motions, challenging the district court's summary denial of his fifth K.S.A. 60-1507 motion. Both parties treat these posttrial motions as

motions to alter or amend under K.S.A. 60-259(f). And the parties agree that Williams' first timely posttrial motion tolled the time to appeal the current denial of the K.S.A. 60-1507 motion.

Williams' second posttrial motion was also timely—it was filed 27 days after the district court summarily denied his K.S.A. 60-1507 motion. But according to the State, Williams should only be allowed to benefit from the tolling statute once. Thus, Williams' July 31, 2023 notice of appeal was untimely—because it was filed 174 days after the district court denied his first posttrial motion. Williams, on the other hand, argues that the time to appeal was tolled until after the district court had ruled on both of his timely filed posttrial motions.

The text of K.S.A. 2023 Supp. 60-2103(a) supports Williams' interpretation. There is nothing in the statute that explicitly states that a party can only toll the time to appeal once. Under K.S.A. 2023 Supp. 60-2103(a):

> "The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules."

Thus, a "timely motion" terminates the running of the time for appeal. 2023 Supp. K.S.A. 60-2103(a). Then, once the district court has ruled on this motion, the "full time for appeal"—30 days here—"commences to run" from the date of that order. K.S.A. 2023 Supp. 60-2103(a). The statute leaves open the possibility that a party may file several timely posttrial motions—each of which tolls the time for filing an appeal until the district court has ruled on all the motions.

7

Williams' interpretation on this point "favor[s] constructions that result in adjudication on the merits." *In re Estate of Lentz*, 312 Kan. 490, 502, 476 P.3d 1151 (2020). In *In re Marriage of Hansen*, 18 Kan. App. 2d 712, 715, 858 P.2d 1240 (1993), a panel of this court held that there is "no procedural rule" that prohibits the filing of a second posttrial motion. While *Hansen* recognized that "other consequences may arise as a result of the filing of a redundant motion," it found that there is "no authority upon which to base a conclusion that a party is precluded from filing redundant motions." 18 Kan. App. 2d at 714-15; see also *L.R. Foy Constr. Co. v. Professional Mechanical Contractors*, 13 Kan. App. 2d 188, 193, 766 P.2d 196 (1988) (declining to prohibit the filing of a posttrial motion that duplicates a motion previously filed).

The State counters, relying on *State ex rel. Secretary of SRS v. Mayfield*, 25 Kan. App. 2d 452, 456, 966 P.2d 85 (1998), which disagreed with the *Hansen* panel. Important here, in both *Hansen* and *Mayfield*, a party filed a timely posttrial motion (at that time, within 10 days after the entry of judgment), which was ultimately denied. The party then filed a second motion within 10 days of the order denying the first motion, which was also denied. Then, the party filed a notice of appeal within 30 days of the order denying the second motion, but more than 30 days after the denial of the first motion. On appeal, both panels found that the second motion could not toll the time to appeal the original judgment because the party had not timely filed it within 10 days of that judgment. *Mayfield*, 25 Kan. App. 2d at 456; *Hansen*, 18 Kan. App. 2d at 714-15.

But neither *Hansen* nor *Mayfield* confronted the situation presented here. In both of those cases, the second posttrial motion was untimely, while both of Williams' motions were timely—because both motions were filed within 28 days of the order denying his K.S.A. 60-1507 motion. See K.S.A. 2023 Supp. 60-259(f). Under these circumstances, both of Williams' timely posttrial motions tolled the time to appeal until the district court ruled on them. Put another way, a party may file several timely posttrial motions under K.S.A. 2023 Supp. 60-259(f), and each one tolls the time to appeal until resolved. For

8

this reason, Williams' notice of appeal was timely, and this court has jurisdiction to hear Williams' appeal.

2. *The district court did not err in summarily denying Williams' K.S.A. 60-1507 motion as untimely.*

Williams argues that the district court erred when it summarily denied his K.S.A. 60-1507 motion because manifest injustice would result without a determination on the merits. But Williams fails to demonstrate manifest injustice under the facts of his case. For this reason, the district court correctly denied his K.S.A. 60-1507 motion as untimely.

When a district court summarily denies a K.S.A. 60-1507 motion, an appellate court reviews de novo whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

A defendant must file a K.S.A. 60-1507 motion within one year from when his conviction becomes final. K.S.A. 2023 Supp. 60-1507(f). Williams' conviction became final when the mandate was issued in his direct appeal on July 21, 2014. See K.S.A. 2023 Supp. 60-1507(f)(1)(A) ("Any action under this section must be brought within one year of the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction.").

A court may only extend the time limitation in K.S.A. 60-1507(f) to prevent manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(2). In making this manifest-injustice determination, the court is limited to determining why the movant failed to file the motion within the one-year period or whether the movant makes a colorable claim of actual innocence. K.S.A. 2023 Supp. 60-1507(f)(2)(A). To establish a claim of actual innocence, the movant must show that "it is more likely than not that no reasonable juror

9

would have convicted [him] in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A).

Williams concedes that he filed this motion outside the one-year deadline of K.S.A. 2023 Supp. 60-1507(f)(1). But he maintains that this untimeliness should be excused because he can demonstrate manifest injustice and a colorable claim of actual innocence. Williams' arguments on this issue are rooted in the merits of his underlying claim—that the complaint in his case was defective for omitting a necessary element of the offense. Although argued somewhat summarily on appeal, Williams claimed in the district court that the complaint omitted essential elements of the offense because it did not include the elements of simple trafficking under K.S.A. 2006 Supp. 21-3446, which are incorporated by K.S.A. 2006 Supp. 21-3447(a)(1).

But Williams is wrong on this point. The complaint did not charge him with aggravated trafficking under K.S.A. 2006 Supp. 21-3447(a)(1). Rather, the complaint charged him with aggravated trafficking under K.S.A. 2006 Supp. 21-3447(a)(2). And under this subsection, aggravated trafficking was defined as "recruiting, harboring, transporting, providing or obtaining, by any means a person under 18 years of age knowing that the person, with or without force, fraud, threat or coercion, will be used to engage in forced labor, involuntary servitude or sexual gratification of the defendant or another." As this court held in the appeal of Williams' 2014 K.S.A. 60-1507 motion, the State was not required to allege the alternative options that the charge involved "forced labor or involuntary servitude." *Williams*, 2016 WL 7428361, at *5-6.

The complaint in this case charged the necessary elements of K.S.A. 2006 Supp. 21-3447(a)(2). See 2016 WL 7428361, at *5. And the jury convicted Williams accordingly. Thus, his manifest injustice claim fails because he was properly charged, tried, and convicted under K.S.A. 2006 Supp. 21-3447(a)(2).

Williams also argues that this untimeliness should be excused because "he could not have filed his claim until" the Kansas Supreme Court issued its opinion in *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). On this point, Williams does not persuasively explain how *Dunn* represented a favorable change in the law for him or why he filed this motion over six years after *Dunn* was issued. In fact, rather than lend support to his defective-complaint arguments, *Dunn* likely further undermines them. See 304 Kan. at 812 (finding that if factual allegations in the complaint, proved beyond a reasonable doubt, would justify a guilty verdict, then the charging document is statutorily sufficient).

Williams also fails to establish a colorable claim of actual innocence. Williams relies on the same unpersuasive defective-complaint argument to claim that he has established his innocence. But even a cursory review of this issue shows that the complaint was not defective. And Williams has failed to present any new evidence to support a colorable claim of actual innocence, as required by K.S.A. 2023 Supp. 60-1507(f)(2)(A). See *Taylor v. State*, No. 122,164, 2021 WL 2021526, at *5 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. 859 (2022). For this reason, we need not decide whether his fifth K.S.A. 60-1507 motion was successive or go further into the merits of his various claims.

Williams' motion was untimely under K.S.A. 2023 Supp. 60-1507(f)(1), and no statutory exception excuses this delay. Thus, the district court did not err in summarily denying Williams' K.S.A. 60-1507 motion on this ground.

Affirmed.