NOT DESIGNATED FOR PUBLICATION

No. 127,889

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLETIS R. O'QUINN,
*Appellant*,

v.

JEFF ZMUDA, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III and DANIEL D. GILLIGAN, judges. Submitted without oral argument. Opinion filed May 2, 2025. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Clayton J. Kaiser* and *Samuel J. Walenz*, of Foulston Siefkin LLP, of Wichita, for appellees.

Before ATCHESON, P.J., COBLE and PICKERING, JJ.

PER CURIAM: After the district court dismissed his K.S.A. 60-1501 petition for failure to prosecute, Cletis R. O'Quinn filed a motion to alter or amend judgment order, asking the district court to reconsider its dismissal of his K.S.A. 60-1501 petition. The district court denied his motion. O'Quinn now appeals, claiming the district court abused its discretion based on a mistake of fact when it denied his motion to alter or amend the judgment. After review of the record, we find no abuse of discretion by the district court and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2015, the State charged O'Quinn with multiple crimes. O'Quinn had been on lifetime parole for crimes committed in 1989. A jury convicted O'Quinn, and the district court sentenced O'Quinn to a 620-month prison sentence. O'Quinn appealed, alleging his statutory and constitutional speedy trial rights were violated and he received ineffective assistance of counsel. Another panel of this court affirmed O'Quinn's convictions. *State v. O'Quinn*, No. 118,977, 2019 WL 5850291, at *7-10 (Kan. App. 2019) (unpublished opinion).

On April 15, 2021, O'Quinn sent a letter to the Prisoner Review Board (the Board). He alleged he had been in custody since March 19, 2016, and that the Board had incorrectly imposed lifetime parole under K.S.A. 2008 Supp. 21-4608(e)(2). He argued this was an ex post facto increase to lifetime parole.

On April 1, 2022, O'Quinn filed a K.S.A. 60-1501 petition in Reno County where he is presently incarcerated. The petition named both Jeff Zmuda, Secretary of Kansas Department of Corrections, and the Board as defendants. O'Quinn argued: (1) K.S.A. 2008 Supp. 21-4608(e)(2) was illegally applied to him and caused an ex post facto increase to lifetime parole; (2) he had been released from parole on August 17, 2007; (3) he was illegally sentenced; and (4) his due process rights were violated because he was not given notice his parole had been extended pursuant to K.S.A. 2008 Supp. 21-4608(e)(2).

On May 26, 2022, Zmuda moved to dismiss O'Quinn's K.S.A. 60-1501 petition, alleging O'Quinn failed to exhaust his administrative remedies. Zmuda also asked that the district court order O'Quinn to "clarify who he is suing for what remedy and to determine whether this action needs to be filed under K.S.A. 60-1501 in the court of the county where he is housed or under K.S.A. 60-1507 to be filed with the sentencing court."

2

On June 8, 2022, the district court held a hearing on O'Quinn's petition. The record, however, does not contain a transcript of that hearing. In a written order filed July 8, 2022, the court dismissed O'Quinn's K.S.A. 60-1501 petition as to Zmuda because O'Quinn had failed to prove he exhausted his administrative remedies. The district court also noted that, absent a final order, "the Court cannot determine whether the petition was [timely] filed within 30 days following the issuance of such order." Because the Board had not yet been served, "[t]he case against the Prisoner Review Board remains, awaiting service of process." Although K.S.A. 2024 Supp. 60-1503 requires a district court to summarily dismiss a K.S.A. 60-1501 petition when it appears the plaintiff is not entitled to relief, the district court did not dismiss the petition outright.

On July 13, 2022, O'Quinn wrote a letter to the district court clerk, stating the court advised him that he had to serve the Board. O'Quinn indicated he mailed the Board a copy of the petition on June 8, 2022, and it should have reached them "no later than June 13, 2022."

On November 17, 2022, the district court dismissed O'Quinn's K.S.A. 60-1501 petition without prejudice. The court found O'Quinn "has taken no effective steps to obtain service on the Prisoner Review Board. The case has been on file for seven months." The court concluded O'Quinn did not intend to serve the Board and dismissed the case for failure to prosecute. See K.S.A. 2024 Supp. 60-241(b)(2) ("On its own, the court may dismiss a case without prejudice for lack of prosecution.").

O'Quinn timely appealed on December 2, 2022. At the same time, O'Quinn filed a motion to alter or amend judgment order. He alleged he followed all instructions for filing a K.S.A. 60-1501 petition and was under the belief the district court would serve the respondents. O'Quinn again asserted he mailed a copy of the petition to the Board. He requested the district court reinstate his petition against the Board "and serve them as stated in the 60-1501 instructions." As Exhibit 1, O'Quinn attached the "Instructions for

3

Filing a K.S.A. 60-1501 Habeas Corpus," which states, in relevant part: "The Court will review your petition initially and if it is not dismissed outright, *the Court will serve the person(s) you are suing*—there is no need for you to send a copy of the initial petition to the Warden or Secretary." (Emphasis added.) See K.S.A. 2024 Supp. 60-1503(a).

On January 17, 2023, the petition was served on the Board. It is unclear who requested service.

O'Quinn's motion to alter or amend the judgment order sat, unresolved, for more than a year. On January 4, 2024, a different district court judge denied O'Quinn's motion to alter or amend the judgment. The court found:

> "Petitioner does not state new facts or present new evidence to alter the Court's original rulings. Petitioner's mistake of law does not present an abuse of discretion on the part of the ruling judge. Nothing has been added to or included *in his motion* to indicate service was achieved and *no new documents were presented to show final action by the Secretary*." (Emphasis added.)

The district court certified O'Quinn's notice of appeal was now ripe.

ANALYSIS

*The District Court Did Not Make an Error of Fact when It Denied O'Quinn's Motion to Alter or Amend Judgment Order*

O'Quinn appeals the denial of his motion to alter or amend, asserting that, because the district court made an error of fact, it abused its discretion. Although O'Quinn timely appealed the dismissal of his K.S.A. 60-1501 petition, he only argues the district court erred by denying his motion to alter or amend the judgment. An issue not briefed is waived and abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

4

Similarly, on appeal, O'Quinn does not argue the district court had a duty to serve the Board. This argument has also been abandoned. See 312 Kan. at 246. Accordingly, the only issue before us is whether the district court made an error of fact and, therefore, abused its discretion in denying O'Quinn's motion to alter or amend judgment order.

On appeal, O'Quinn only argues he served the Board in January 2023. Citing *Davila v. Vanderberg*, 4 Kan. App. 2d 586, 608 P.2d 1388 (1980), O'Quinn claims the district court obtained personal jurisdiction over the defendants nearly a year before the district court denied his motion to alter or amend the judgment. But *Davila* stands for the general rule that personal jurisdiction is obtained through service of process; it does not discuss a motion to alter or amend a judgment. See 4 Kan. App. 2d at 588-89.

O'Quinn's argument hinges entirely upon one fact that occurred after the district court had already dismissed the case: On January 17, 2023, someone served the Board a copy of his K.S.A. 60-1501 petition. He asserts the district court therefore had personal jurisdiction over the Board, and, because the district court mistakenly concluded it did not, the district court abused its discretion. Essentially, O'Quinn argues the court gained personal jurisdiction over the Board in January of 2023, without ever acknowledging his petition was dismissed without prejudice in November of 2022.

The Board argues a motion to alter or amend a judgment is an opportunity for the district court to correct a previous error, not present additional evidence. It claims O'Quinn had sufficient time to serve the Board before his petition was dismissed in November 2022 and that O'Quinn had failed to do so.

Motions to alter or amend a judgment are reviewed for an abuse of discretion. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact.

*Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 468, 509 P.3d 1211 (2022).

We have long recognized that the purpose of a motion to alter or amend the judgment "is to allow a district court to correct a prior error. It is not an opportunity to present additional evidence" when that evidence could have been submitted prior to the decision. *Ross-Williams v. Bennett*, 55 Kan. App. 2d 524, 564, 419 P.3d 608 (2018); see *Akesogenx Corp. v. Zavala*, 55 Kan. App. 2d 22, 38, 407 P.3d 246 (2017) ("Yet, because Zavala never challenged venue before the district court entered the default judgment against him, there was no prior error to correct."); *Antrim, Piper, Wenger, Inc. v. Lowe*, 37 Kan. App. 2d 932, 939-40, 159 P.3d 215 (2007) ("Because Deborah's alleged lack of consent to the sale of the ranch was not before the trial court when it entered the summary judgment, the trial court properly denied the motion to alter or amend."); *Blevins v. Hiebert*, 13 Kan. App. 2d 318, 323, 770 P.2d 486 (1989) ("The trial court concluded that the matters in the post-trial motion are ones which could have been presented prior to the summary judgment ruling had Blevins exercised reasonable diligence and further found that the substance of the motion was without merit on its face.").

In his motion to alter or amend judgment order, O'Quinn informed the district court he had served the Board a copy of the petition. However, nothing in the record shows the Board was served prior to the November 2022 dismissal of O'Quinn's petition. A return of service was filed on January 23, 2023, indicating the Board was served on January 17, 2023.

The district court's order denying his motion to alter or amend the judgment found: "Petitioner does not state new facts or present new evidence to alter the Court's original

rulings. . . . Nothing has been added to or included in his motion to indicate service was achieved and no new documents were presented to show final action by the Secretary." The district court's order is correct. At the time O'Quinn filed his motion to alter or amend the judgment on December 2, 2022, nothing had been added to the record showing the Board had been served. The Board was not served until January 17, 2023, and the return of service was not filed until January 23, 2023. The district court did not make a mistake of fact when it denied O'Quinn's motion to alter or amend the judgment.

The district court did not abuse its discretion when it denied O'Quinn's motion to alter or amend the judgment. The district court dismissed O'Quinn's K.S.A. 60-1501 petition without prejudice on November 17, 2022. See K.S.A. 2024 Supp. 60-241(b)(2). The Board was not served until more than 60 days later. At the time the Board was served, there was no pending case in the district court. Since the Board had not been served when O'Quinn's K.S.A. 60-1501 petition was dismissed without prejudice, the district court did not abuse its discretion.

Affirmed.